IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:23-CR-48-MOC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREG E. LINDBERG, | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR APPOINTMENT OF SPECIAL MASTER**

NOW COME the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and Glenn S. Leon, Chief, Criminal Division, Fraud Section, and Greg E. Lindberg, by and through counsel, and move, pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3664(d)(6), and the Court's inherent authority, for an Order appointing a special master or other similar officer of the court to assist the Court with certain matters regarding restitution as set forth herein and in the memorandum of law in support of this motion that will be filed as soon as practicable.[1] In support of the request, the parties show unto the Court the following:

1. On February 23, 2023, in a thirteen-count Bill of Indictment, Defendant was charged with conspiracy, in violation of 18 U.S.C. § 371; wire fraud, in violation of 18 U.S.C. § 1343; making false insurance business statements presented to regulators, in violation of 18 U.S.C. § 1033(a); making false entries about the financial condition or solvency of an insurance business, in violation of 18 U.S.C. § 1033(c); and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). (Doc. No. 1). The indictment alleged, among other things, that as of September 30, 2022, Defendant owed certain insurance companies more than $1.1 billion. *Id.* at ¶ 185.

---

[1] A proposed order will be submitted in conjunction with the memorandum of law.

2. On November 12, 2024, Defendant pleaded guilty to Counts One and Thirteen pursuant to a written plea agreement. In the plea agreement, Defendant agreed, among other things, to pay full restitution and to the appointment of a special master to "identify, receive, apportion, and distribute funds for restitution, and perform any other related tasks as ordered by the Court." (Doc. No. 40). In paragraph 10(a) of the plea agreement, Defendant also agreed "to pay full restitution" to all victims of the conduct charged in the Bill of Indictment, including the following insurance companies and their impacted policyholders: Southland National Insurance Company; Southland National Reinsurance Corporation; Bankers Life Insurance Company; Colorado Bankers Life Insurance Company; Universal Life Insurance Company of Puerto Rico; PB Life and Annuity Co., Ltd.; Omnia Ltd.; Northstar Financial Services (Bermuda) Ltd.; PB Investment Holdings Ltd.; and Universal Life Insurance Company. *Id.*

3. Under the Crime Victims' Rights Act, 18 U.S.C. § 3771, victims are accorded specific rights, and the Act confirms that victims have "[t]he right to full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6).

4. To fashion a restitution order, the Court must consider and determine: (a) which entities and individuals are properly considered "victims" pursuant to 18 U.S.C. § 3663A(a)(2); (b) the proper amount of restitution owed to each victim pursuant to 18 U.S.C. §§ 3663A(b) and 3664(e); and (c) an appropriate payment schedule pursuant to, among other sections, 18 U.S.C. § 3664(i).

5. In this case, complicated issues are likely to arise in determining an appropriate restitution order because, among other reasons: (a) there are several insurance company victims that collectively have thousands of wronged policyholders; (b) the amount of restitution owed is substantial; (c) several of the insurance company victims are in liquidation proceedings; (d) some

of the victims have received, or may before sentencing receive, various amounts of repayment of their outstanding debts; (d) priority of payment, if applicable, amongst victims has yet to be determined; (e) certain property or assets may have joint or overlapping ownership and/or may be subject to various third party claims; (f) certain victims may have civil judgments for money damages against Defendant and his entities; and (g) Defendant's business assets from which restitution will likely be paid are not readily convertible into cash.

6. Some of the victims have been severely financially impacted by Defendant's conduct and need whatever restitution can be provided as soon as possible. Accordingly, it is imperative that the parties take steps to maximize the amount of restitution that is recovered and paid.

7. It would be unduly burdensome for the Government, the Probation Office, the Clerk of Court, and the investigative agencies to attempt this process. As a result, an experienced, neutral, and disinterested person should be appointed to assist the Court. Section 3664 authorizes courts to "refer any issue arising in connection with a proposed order of restitution to a magistrate judge or special master for proposed findings of fact and recommendations as to disposition, subject to a de novo determination of the issue by the court." 18 U.S.C. § 3664(d)(6). It would conserve the resources of this Court and others if a special master is appointed to resolve victim and restitution issues in this case under the Court's supervision and guidance.

8. The parties recommend that the Court appoint Joseph Grier[2] of Grier Wright Martinez PA as the special master pursuant to 18 U.S.C. § 3664(d)(6). The parties further

---

[2] A Special Master Declaration will be submitted in a separate filing outlining Mr. Grier's qualifications and standard rates.

recommend that the Court appoint Scott Avila[3] of Paladin Management as the special master's financial advisor. The financial advisor would assist the special master in the performance of all tasks related to this Order.

WHEREFORE, the parties respectfully request that the Honorable Court grant their joint motion for appointment of a special master to advise the Court in resolving any issues arising in connection with a proposed order of restitution.

Respectfully submitted this 5th day of December, 2024.

| | |
|---|---|
| DENA J. KING | GLENN S. LEON |
| UNITED STATES ATTORNEY | CHIEF |
| | CRIMINAL DIVISION, FRAUD SECTION |

**/s/ Daniel Ryan**
Assistant United States Attorney
United States Attorney's Office
IL Bar 6279737
227 West Trade Street, Suite 1650
Charlotte, N.C. 28202
Telephone: (704) 338-6222
Fax: (704) 344-6629
E-mail: Daniel.ryan@usdoj.gov

---

[3] A Financial Advisor Declaration will be submitted in a separate filing outlining Mr. Avila's qualifications and standard rates.

/s/ Ryan J. Meyer
Ryan J. Meyer
Brandon N. McCarthy
ryan.meyer@katten.com
brandon.mccarthy@katten.com
Admitted *Pro Hac Vice*

**KATTEN MUCHIN ROSENMAN LLP**
2121 N. Pearl St., Suite 1100
Dallas, Texas 75201
Telephone: (214) 765-3680
Facsimile: (214) 765-3200


James F. Wyatt, III
NC State Bar No.: 13766
Robert A. Blake, Jr.
NC State Bar No.: 20858

**WYATT & BLAKE, LLP**
402 W. Trade Street, Suite 101
Charlotte, North Carolina 28202
Telephone: (704) 331-0767
Facsimile: (704) 331-0773
jwyatt@wyattlaw.net
rblake@wyattlaw.net

*Attorneys for Defendant Greg E. Lindberg*

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certify that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: December 5, 2024

/s/ Daniel Ryan
*Assistant United States Attorney*