IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>  Defendant. | Case No. 3:23-CR-48-MOC |

**CONSENT MOTION FOR ORDER COMPELLING DISCLOSURE
OF POLICYHOLDER DATA AND PROTECTIVE ORDER**

NOW COMES Joseph W. Grier, III, as special master appointed pursuant to 18 U.S.C. § 3664(d)(6) (the "Special Master"), by and through counsel, who, with the stipulation and consent of the United States, Defendant Greg E. Lindberg ("Defendant"), the National Organization of Life and Health Insurance Guaranty Associations ("NOLHGA"),[1] and Colorado Bankers Life Insurance Company ("CBL"), Bankers Life Insurance Company ("Bankers Life"), Southland National Insurance Corporation ("SNIC"), and Southland National Reinsurance Corporation ("SN Reinsurance," and, collectively with CBL, Bankers Life, and SNIC, the "North Carolina Insurance Companies" or "NCICs"), files this *Consent Motion for Order Compelling Disclosure of Policyholder Data and Protective Order* (this "Consent Motion") in furtherance of the duties imposed on the Special Master by this Court's *Order Appointing Special Master* (ECF No. 56) entered on January 23, 2025 (the "Special Master Order") and this Court's *Order* entered on July 22, 2025 (ECF No. 68) (the "Clanwilliam Order") granting the *Consent Motion for Order*

---

[1] NOLHGA is a Virginia not-for-profit corporation whose membership consists of the life and health insurance guaranty associations of the fifty states and the District of Columbia (the "Guaranty Associations"). When an insurance company is ordered into liquidation, as the NCICs were here, the Guaranty Associations provide coverage to the company's policyholders who are residents of that state up to the coverage limits specified by state laws. NOLHGA coordinates efforts among the Guaranty Associations to provide this coverage.

*Approving the Disposition of Net Proceeds from the Sale of the Clanwilliam Group of Companies* (ECF No. 66), and, in support hereof, respectfully represents as follows to the Court:

## BACKGROUND

1. In the Clanwilliam Order, this Court approved the proposed disbursement of the proceeds from the sale of the Clanwilliam Group of Companies by the Special Master. ECF No. 68, at 4–5, ¶¶ A–C. Among other things, the Clanwilliam Order requires that "the Special Master shall, as soon as reasonably practicable, disburse the North Carolina Insurance Companies' $172,171,598 share of the Proceeds . . . to first directly pay the North Carolina Insurance Companies' policyholders with uncovered losses such uncovered loss amounts as restitution pursuant to 18 U.S.C. § 3664(j)(1), with the remaining balance to be distributed to the North Carolina Insurance Companies for distribution pursuant to the North Carolina insurance liquidation priority statute(s), including to, or for the benefit of, state guaranty associations as Class 2 claimants." *Id.* at ¶ C. The Clanwilliam Order otherwise authorizes the Special Master "to perform in accordance with the Clanwilliam Proposal." *Id.* at ¶ D.

2. To perform his duties in accordance with the Special Master Order and the Clanwilliam Order, especially including processing payments of portions of the Clanwilliam proceeds to the North Carolina Insurance Companies' policyholders with uncovered claims, the Special Master must obtain data and information from the North Carolina Insurance Companies and NOLHGA related to the North Carolina Insurance Companies' policyholders with uncovered claims.

3. Such data and information includes the following for each and every policy insured through the North Carolina Insurance Companies that sustained losses related to the Defendant that were not fully covered by state guaranty associations to the extent reasonably available based on the books and records of the NCICs and within their possession, custody, or control (the

"Uncovered Policyholder Data"):[2]

    a. policyholder and all beneficiary name(s);

    b. policyholder and all beneficiary address(es);

    c. policyholder and all beneficiary telephone number(s);

    d. policyholder and all beneficiary email address(es);

    e. policyholder and all beneficiary social security number(s), tax identification number(s), and, if available, federal tax classification (*e.g.*, C Corp, partnership, etc.);

    f. policy type and tax qualification status for each policyholder;

    g. NCIC policyholder benefits that will not be covered by a state guaranty association; and

    h. NCIC policyholder benefits that will be covered by a state guaranty association.

4. The Special Master has accordingly requested that NOLHGA and the NCICs provide the Special Master with the Uncovered Policyholder Data, to the extent such data is within their possession, custody, or control, which includes personal identifying information subject to privacy and security protections under applicable state and federal law, including, to the extent applicable, the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801–6809, §§ 6821–6827), which prohibits certain financial institutions from disclosing nonpublic personal information to third parties, subject to certain exceptions.

5. The Special Master, the United States, the Defendant, NOLHGA, and the NCICs have agreed to the terms of a stipulated protective order, in the form attached hereto as **Exhibit A**, that directs NOLHGA and the NCICs to provide the Uncovered Policyholder Data to the Special Master, to the extent such data is within their possession, custody, or control, and provides for the

---

[2] The Receiver of the NCICs and NOLHGA rely on the data from the NCICs during their rehabilitation and liquidation. Consistent with any insolvent insurer, there may be data issues, including incomplete data, that originated before Rehabilitation and/or Liquidation associated with the Uncovered Policyholder Data. The Receiver and NOLHGA are only able to transfer the available data. In many cases, the available data may not include the listed information.

confidentiality of the Uncovered Policyholder Data (the "Stipulated Order").

## RELIEF REQUESTED

6. Through this consent motion, the Special Master requests that this Court approve and enter the Stipulated Order.

## ARGUMENT

7. NOLHGA and the NCICs have consented to provide the Uncovered Policyholder Data to the Special Master to enable the Special Master to perform under the Special Master Order and the Clanwilliam Order, provided that the Stipulated Order is entered, and the confidentiality of such information is otherwise protected and preserved.

8. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that a court may deny, restrict, or defer discovery or inspection, or grant other appropriate relief for good cause shown at any time.

9. As crime victims, the NCIC's policyholders have the "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. 3771(a)(8). The Uncovered Policyholder Data contains sensitive information about those victims' finances and other personal identifying information. These privacy concerns constitute good cause, pursuant to Rule 16(d)(1), for entry of an order limiting access to the Uncovered Policyholder Data to only those persons, and only for such purposes, as necessary for the Special Master to perform under the Clanwilliam Order.

10. The Stipulated Order provides for adequate measures to protect the dignity and privacy of the policyholders.

## CONCLUSION

WHEREFORE, the Special Master, with the consent and stipulation of the United States,

the Defendant, NOLHGA, and the NCICs, requests that the Court:

(1) approve and enter the Stipulated Order; and

(2) grant such other and further relief as is just and proper.

This, the 2d day of October, 2025.

                                            /s/ Benjamin D. Rhodes
Joseph W. Grier, III (NC Bar No. 7764)
Michael L. Martinez (NC Bar No. 39885)
Benjamin D. Rhodes (NC Bar No. 62618)
Grier Wright Martinez, PA
521 E. Morehead St., Ste. 440
Charlotte, NC 28202
(704) 332-0209
mmartinez@grierlaw.com

*Attorneys for the Special Master*

**With the consent of**:

| | |
|---|---|
| RUSS FERGUSON<br>UNITED STATES ATTORNEY | NATIONAL ORGANIZATION OF LIFE<br>AND HEALTH INSURANCE<br>GUARANTY ASSOCIATIONS |
| /s/ Daniel Ryan<br>Daniel Ryan (IL Bar 6279737)<br>Assistant United States Attorney<br>United States Attorney's Office<br>227 West Trade Street, Suite 1650<br>Charlotte, N.C. 28202<br>Telephone: (704) 338-6222<br>E-mail: Daniel.ryan@usdoj.gov | /s/ Jason H. Cowley<br>Jason H. Cowley (NC Bar No. 32636)<br>McGuireWoods<br>201 N. Tryon St., Ste. 3000<br>Charlotte, NC 28202-2146<br>Telephone: (704) 343-2030<br>Email: jcowley@mcguirewoods.com |
| GREG E. LINDBERG | SOUTHLAND NAT'L INS. CORP.<br>BANKERS LIFE INS. CO.<br>COLORADO BANKERS LIFE INS. CO.<br>SOUTHLAND NAT'L REINS. CORP. |
| /s/ Ryan J. Meyer<br>Ryan J. Meyer (TX Bar No. 24088053)<br>Katten Muchin Rosenman LLP<br>2121 N. Pearl St., Ste. 1100<br>Dallas, Texas 75214<br>Telephone: (214) 765-3627<br>Email: ryan.meyer@katten.com | /s/ Wes J. Camden<br>Wes J. Camden (NC Bar No. 33190)<br>Williams Mullen<br>301 Fayetteville St., Ste. 1700<br>Raleigh, NC 27601<br>Telephone: (919) 981-4000<br>Email: wcamden@williamsmullen.com |

## ARTIFICIAL INTELLIGENCE CERTIFICATION

The undersigned hereby certifies that: no artificial intelligence was knowingly employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully submitted this 2d day of October, 2025.

    /s/ Benjamin D. Rhodes
Benjamin D. Rhodes (NC Bar No. 62618)
Grier Wright Martinez, PA
521 East Morehead Street, Suite 440
Charlotte, North Carolina 28202

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing *Consent Motion for Order Compelling Disclosure of Policyholder Data and Protective Order* and corresponding proposed stipulated order were served on following parties by electronic mail or U.S. Mail, postage prepaid, as indicated.

Daniel Ryan
Assistant U.S. Attorney
U.S. Attorney's Office
Via Email: Daniel.ryan@usdoj.gov

James F. Wyatt, III
Wyatt & Blake, LLP
Via Email: jwyatt@wyattlaw.net
*Attorneys for Defendant*

Ryan J. Meyer
Brandon N. McCarthy
Katten Muchin Rosenman LLP
Via Email: ryan.meyer@katten.com &
brandon.mccarthy@katten.com
*Attorneys for Defendant*

Wes J. Camden
Caitlin M. Poe
Williams Mullen
Via Email: wcamden@williamsmullen.com &
cpoe@williamsmullen.com
*Attorneys for the N.C. Insurance Companies*

Joel A. Glover
Faegre Drinker Biddle & Reath LLP
Via Email: joel.glover@faegredrinker.com
*Attorneys for NOLHGA*

Jason H. Cowley
McGuireWoods
Via Email: jcowley@mcguirewoods.com
*Attorneys for NOLHGA*

      Respectfully submitted this 2d day of October, 2025.

                                    /s/ Benjamin D. Rhodes
                                    Benjamin D. Rhodes (NC Bar No. 62618)
                                    Grier Wright Martinez, PA
                                    521 East Morehead Street, Suite 440
                                    Charlotte, North Carolina 28202

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-CR-48-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GREG G. LINDBERG<br><br>    Defendant. | **STIPULATED ORDER** |

**THIS MATTER** is before the Court on the Consent Motion for Order Compelling Disclosure of Policyholder Data and Protective Order (ECF No. 76) (the "Consent Motion")[1] filed by Joseph W. Grier, III (the "Special Master") with the stipulation and consent of the United States, Defendant Greg E. Lindberg ("Defendant"), the National Organization of Life and Health Insurance Guaranty Associations ("NOLHGA"), and Colorado Bankers Life Insurance Company, Bankers Life Insurance Company, Southland National Insurance Corporation, and Southland National Reinsurance Corporation (collectively the "North Carolina Insurance Companies" or "NCICs"). The Consent Motion is **GRANTED** and it is **ORDERED** that:

    1.    NOLHGA and the NCICs shall each provide to the Special Master the Uncovered Policyholder Data, to the extent such data is reasonably available based on the books and records of the NCICs and within their possession, custody, or control, as is necessary for the Special Master to perform in accordance with the terms of the Clanwilliam Order, including:

        a.  policyholder and all beneficiary name(s);

        b.  policyholder and all beneficiary address(es);

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to them in the Consent Motion.

EXHIBIT A

c. policyholder and all beneficiary telephone number(s);

d. policyholder and all beneficiary email address(es);

e. policyholder and all beneficiary social security number(s), tax identification number(s), and, if available, federal tax classification (*e.g.*, C Corp, partnership, etc.);

f. claim for loss amounts against the NCICs for insurance policy benefits that have not been covered by a state guaranty association; and

g. claim for loss amounts against the NCICs for insurance policy benefits that have been covered by a state guaranty association.

2. The Special Master shall not disclose or permit the disclosure of any Uncovered Policyholder Data to any third person or entity except, as the Special Master reasonably deems necessary, the following authorized recipients:

a. in-house or outside counsel of the Special Master;

b. such officers and employees of Special Master as necessary to assist the Special Master in fulfilling his duties under the Special Master Order or Clanwilliam Order;

c. third parties engaged by the Special Master to assist in the Special Master's duties and responsibilities under the Clanwilliam Order, including, without limitation Paladin Management Group, LLC and Epiq Corporate Restructuring, LLC;

d. those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

e. policyholders of the NCICs;

EXHIBIT A

f.  the Court, the United States Probation Office, the United States, and Defendant; and

g.  such other persons as the Special Master reasonably deems necessary to comply with the Special Master's duties in this case.

3. Before providing the Uncovered Policyholder Data, the Special Master shall provide a copy of this Order to each and every authorized recipient of the Uncovered Policyholder Data pursuant to paragraph 2. Each and every authorized recipient of the Uncovered Policyholder Data pursuant to paragraph 2 shall be subject to the terms and provisions of this Order and shall protect the confidentiality, privacy and security of the Uncovered Policyholder Data. In each instance of disclosure to an authorized recipient, the Special Master shall disclose only that portion of the Uncovered Policyholder Data necessary to facilitate the performance of the Special Master's duties under the Clanwilliam Order and such other Orders as this Court may from time to time enter. Without limiting the foregoing, to the extent the Special Master determines that it is necessary for the Defendant to review any of the Uncovered Policyholder Data in connection with the Defendant's sentencing or otherwise, the Special Master shall remove or redact all personal identifying information from the Uncovered Policyholder Data produced to the Defendant, and any disclosure to the Court will be made under seal.

4. The Special Master and each and every authorized recipient of the Uncovered Policyholder Data pursuant to paragraph 2 shall maintain and abide by adequate data privacy and security measures consistent with industry standards and will employ controls, protections, and safeguards as to the Uncovered Policyholder Data at least as stringent as the Special Master would employ in the handling of the Special Master's own data and information.

5. In the event the Special Master or any authorized recipient of the Uncovered Policyholder Data pursuant to paragraph 2 is served with a subpoena, notice to produce, or comparable request for production ("Subpoena") that would call for the disclosure of any Uncovered Policyholder Data to a person other than an authorized recipient, the Special Master or the authorized recipient shall:

    a. provide NOLHGA and the NCICs written notice of the Subpoena as soon as practicable;

    b. allow NOLHGA and the NCICs an opportunity to object before the appropriate court or regulatory body to the Special Master's or the authorized recipient's production of the Uncovered Policyholder Data; and

    c. if NOLHGA and/or the NCICs objects, produce the Uncovered Policyholder Data only upon entry of a final order by a court or regulatory body with jurisdiction over the Subpoena.

6. Within ninety (90) days after the conclusion of the Special Master's appointment, the Uncovered Policyholder Data and all copies of the same which are not part of the public record and thus filed under seal with the Court, shall be returned to NOLHGA and/or the NCICs, as applicable, unless the party holding the Uncovered Policyholder Data agrees to keep such documents and information confidential pursuant to the this Order during its document retention period (not to exceed seven years) and, at the expiration of such period, destroy such documents to the extent practicable in lieu of return or if not practicable to destroy, then to continue to keep the documents and information confidential and protected pursuant to the terms of this order.

7. Filings under seal shall be deleted from the ECF system only upon order of the Court.

**SO ORDERED**.

_____
Max O. Cogburn Jr.
United States District Judge

PROPOSED

**EXHIBIT A**