# EXHIBIT 3

CYGNET 002 MASTER TRUST

SERIES SUPPLEMENT

with respect to SERIES 2016-B

Dated as of August 5, 2016

TABLE OF CONTENTS

Page

**ARTICLE 1 DEFINITIONS; INTERPRETATION** ........................................1

    SECTION 1.1    Certain Terms Defined............................................................. 1
    SECTION 1.2    Interpretation......................................................................... 4

**ARTICLE 2 CREATION OF SERIES OF THE MASTER TRUST** ................4

    SECTION 2.1    Creation of Series of the Master Trust........................................ 4
    SECTION 2.2    Establishment of Series Account ............................................... 5
    SECTION 2.3    Securities............................................................................... 5
    SECTION 2.4    Other Agreements ................................................................... 5
    SECTION 2.5    Series  Certificates ................................................................. 5
    SECTION 2.6    Conditions of Issuance of Series Certificates .............................. 5
    SECTION 2.7    Delivery of the Series Certificates ............................................ 6
    SECTION 2.8    Security Interest in Series Assets.............................................. 6
    SECTION 2.9    Distribution of Series Assets..................................................... 7
    SECTION 2.10    Records and Assets ................................................................. 8
    SECTION 2.11    Limited Recourse ................................................................... 8
    SECTION 2.12    Appointment of Designee ........................................................ 8

**ARTICLE 3 COLLATERAL MANAGER** ....................................................8

    SECTION 3.1    Appointment of Collateral Manager .......................................... 8

**ARTICLE 4 TERMINATION OF SERIES SUPPLEMENT**...........................9

    SECTION 4.1    Termination of Series Supplement............................................. 9

**ARTICLE 5 MISCELLANEOUS** ...............................................................9

    SECTION 5.1    Tax Treatment........................................................................ 9
    SECTION 5.2    Supplements and Amendments.................................................. 9
    SECTION 5.3    Limitation on Rights of Others ................................................. 10
    SECTION 5.4    Severability ........................................................................... 10
    SECTION 5.5    Counterparts.......................................................................... 10
    SECTION 5.6    Bound by Master Trust Agreement............................................ 10
    SECTION 5.7    No Waiver.............................................................................. 10
    SECTION 5.8    Remedies Cumulative ............................................................. 11
    SECTION 5.9    No Petition ............................................................................ 11
    SECTION 5.10    Notices ................................................................................. 11

Exhibit A    Form of Series Certificate
Exhibit 1    Form of Assignment for Series Certificates
Exhibit 2    Form of Investment Letter for Series Certificate

i

This Series Supplement, dated as of August 5, 2016, by Regatta Holdings LLC, a New Jersey limited liability company, solely in its capacities as Depositor (in such capacity, the "Trust Depositor"), Series Depositor, Managing Trustee and Note Registrar (each as defined in the Master Trust Agreement) under the Master Trust Agreement.

## RECITALS:

**WHEREAS**, CYGNET 002 Master Trust, a Delaware statutory trust (the "Master Trust"), was created under a Master Trust Agreement dated as of February 24, 2016 between The Bryn Mawr Trust Company of Delaware and Regatta Holdings LLC (the "Original Trust Agreement"); and

**WHEREAS**, the Original Trust Agreement was amended and restated by the Amended and Restated Master Trust Agreement dated as of March 1, 2016 (as the same may be amended or supplemented or amended and restated from time to time in accordance with the terms thereof, the "Master Trust Agreement") by and between The Bryn Mawr Trust Company of Delaware, as Delaware Trustee, The Bryn Mawr Trust Company of Delaware, as Custodian, and Regatta Holdings LLC, as Trust Depositor, Managing Trustee and as Note Registrar;

**WHEREAS**, the Trust Depositor desires to create a Series of the Master Trust pursuant to the Master Trust Agreement and this Series Supplement; and

**WHEREAS**, Regatta Holdings LLC desires to become the Series Depositor of the Series created hereby.

**NOW, THEREFORE**, in consideration of the premises and the covenants set forth in this Series Supplement, the parties hereto agree as follows:

## ARTICLE 1

### DEFINITIONS; INTERPRETATION

SECTION 1.1    Certain Terms Defined.  Capitalized terms not defined herein shall have the respective meanings ascribed to those terms in the Master Trust Agreement.  The following terms shall have the meanings specified in this Section 1.1 for all purposes of this Series Supplement, unless otherwise expressly provided.

"Certificate Holder" means, at any time, the registered holder of the Series 2016-B Certificate, which shall initially be New England Capital, LLC.  The Certificate Holder has all the rights and obligations of a Note Holder and shall be a Note Holder within the meaning of and for purposes of the Master Trust Agreement.

"Certificate Register" means the register kept by the Certificate Registrar at its offices which, subject to such reasonable regulations as it may prescribe, shall provide for the registration of the Series Certificates and the registration of transfers of Series Certificates, subject to the restrictions on transfer set forth in the Master Trust Agreement, this Series Supplement and in the Series Certificates. For purposes of Series 2016-B, any reference to "Note

1

Register" under the Master Trust Agreement shall be deemed to refer instead to the Certificate Register.

"Certificate Registrar" means the Person acting as registrar and transfer agent for the Series Certificates, which initially shall be Regatta Holdings LLC in such capacity. For purposes of Series 2016-B, any reference to "Note Registrar" under the Master Trust Agreement shall be deemed to refer instead to the Certificate Registrar.

"Closing Date" means August 5, 2016.

"Collateral Manager" means the Certificate Holder.

"Counterparty" has the meaning set forth in Section 2.4.

"Counterparty Agreement" has the meaning set forth in Section 2.4.

"Distribution Report" means, for any Payment Date, a report to be provided to the Custodian by the Series Depositor setting forth the amounts to be distributed to the Series Depositor, any Counterparty or any other Person designated in such report on such Payment Date pursuant to Section 2.9, which report shall include wire instructions for delivery of such payments to any payee named in the Distribution Report.

"Excess Payment Amounts" means with respect to the Final Payment Date, amounts remaining in the Series Account after payment of the required amounts pursuant to Section 2.9 on such Final Payment Date.

"Final Payment Date" means the date on which this Series Supplement terminates pursuant to Section 4.1.

"Master Trust" has the meaning set forth in the Recitals of this Series Supplement.

"Master Trust Agreement" has the meaning set forth in the Recitals of this Series Supplement.

"Payment Date" means the last Business Day of each month, commencing August 31, 2016.

"Repurchase Agreement" means that certain Master Repurchase Agreement, dated as of August 5, 2016, between the Master Trust, acting solely with respect to Series 2016-B, and Alpha Re (U.S.) Inc., including its successors and assigns, acting solely with respect to Separate Account No. 1.16, as supplemented by the Supplemental Terms or Conditions thereto.

"Securities" means (a) all cash or other investments held in the Series Account from time to time to be invested at the discretion of the Collateral Manager, (b) all rights, privileges, options and elections granted by or permitted under the Securities described in clause (a); (c) all rights, privileges, options and elections in and to any agreements that relate to the Securities described in clause (a); and (d) all income, payment and proceeds of any of the foregoing, including, without limitation, all present and future Claims, demands, causes of and choses in

2

action in respect of any of the foregoing and all payments on or under and all proceeds of every kind and nature whatsoever, in respect of any or all of the foregoing.

"Series 2016-B" has the meaning set forth in Section 2.1.

"Series 2016-B Certificates" and "Series Certificate(s)" have the respective meanings set forth in Section 2.5.

"Series Account" means the separate sub-account of the Trust Account maintained with the Custodian pursuant to and in accordance with the Master Trust Agreement for the benefit of the Series created hereby.

"Series Agreements" means any Counterparty Agreement, and all other agreements entered into by the Master Trust with respect to Series 2016-B relating to any Counterparty Agreement, including without limitation, any swap agreements and swap confirmations and the like, in each case, as the same may be amended or supplemented or amended and restated from time to time in accordance with the terms thereof.

"Series Depositor" means Regatta Holdings LLC, in its capacity as "Series Depositor," as so designated in the first paragraph of this Series Supplement.

"Series Supplement" means this Series Supplement, as amended or supplemented or amended and restated from time to time in accordance with the terms hereof.

"Surrender Date" means the date designated by the Series Depositor upon which the Series 2016-B Certificates will be surrendered by the Certificate Holder to the Managing Trustee for cancellation pursuant to Section 5.7 of the Master Trust Agreement.

"Trust Depositor" has the meaning set forth in the first paragraph of this Series Supplement.

SECTION 1.2     Interpretation.  For all purposes of this Series Supplement except as otherwise expressly provided or unless the context otherwise requires:

(a)     the terms defined in this Article shall have the meanings ascribed in this Article and shall include the plural as well as the singular;

(b)     references to Exhibits, Articles, Sections, paragraphs, subparagraphs and clauses shall be construed as references to the Exhibits, Articles, Sections, paragraphs, subparagraphs and clauses of this Series Supplement.

(c)     the words "herein", "hereof" and "hereunder" and other words of similar import refer to this Series Supplement as a whole and not to any particular Article, Section or other subdivision;

(d)     the words "include", "includes" and "including" shall be construed to be followed by the words "without limitation"; and

<div align="center">3</div>

(e)     the Article and Section headings are for the convenience of the reader and shall not be considered in interpreting this Series Supplement or the intent of the parties hereto.

## ARTICLE 2

## CREATION OF SERIES OF THE MASTER TRUST

SECTION 2.1     Creation of Series of the Master Trust.  The Managing Trustee hereby creates, pursuant to Section 3806(b)(2) of the Delaware Statutory Trust Act and the Master Trust Agreement, a Series of the Master Trust designated as "Series 2016-B".  The Certificate Holder shall have a beneficial interest in Series 2016-B created hereby.

The Master Trust, acting solely with respect to and on behalf of Series 2016-B, shall have the full power and authority and is hereby authorized to issue the 2016-B Certificates and to execute, deliver and perform the Series Agreements and all other documents necessary or incidental thereto.

SECTION 2.2     Establishment of Series Account.  The Managing Trustee hereby establishes the Series Account with the Custodian in accordance with Section 4.1(a) of the Master Trust Agreement.

SECTION 2.3     Securities.  Upon delivery of the Series Assets to the Custodian on behalf of the Master Trust, and upon receipt by the Custodian from the Managing Trustee of a copy of the information provided to the Certificate Registrar under Section 2.6(a), the Custodian, pursuant to and in accordance with the Master Trust Agreement, is hereby Instructed by the Series Depositor to cause the Securities to be credited to or deposited in, as the case may be, the Trust Account and to immediately allocate such Securities to the Series Account.

SECTION 2.4     Other Agreements.  From time to time the Managing Trustee is hereby authorized to enter into, execute and deliver, and to designate one or more Persons from time to time to execute and deliver, on behalf of the Master Trust, acting solely with respect to and on behalf of Series 2016-B, the Repurchase Agreement, and any other agreements by and between the Master Trust acting solely with respect to Series 2016-B and any counterparties (any such agreement, as the same may be amended or supplemented or amended and restated from time to time in accordance with the terms thereof, a "Counterparty Agreement"; any such counterparty, including any permitted assignee thereof following a permitted assignment under such Counterparty Agreement,  a "Counterparty").

SECTION 2.5     Series     Certificates. The Managing Trustee is hereby authorized to issue on behalf of the Master Trust, acting solely with respect to and on behalf of Series 2016-B, Certificates designated the "Series 2016-B Certificates" representing the beneficial ownership interest in Series 2016-B, subject to the conditions set forth in Section 2.6, and each substantially in the form attached hereto as Exhibit A.   For purposes of Series 2016-B, any reference to "Series Certificate" or "Series Certificates" shall mean Series 2016 B Certificates. The Series 2016-B Certificates shall be governed by the terms set forth in the Master Trust Agreement and this Series Supplement.  The parties deem the Series 2016-B Certificates to be "Series Notes" (as

that term is used in the Master Trust Agreement) issued pursuant to the terms of the Master Trust Agreement and this Series Supplement.

SECTION 2.6 <u>Conditions of Issuance of Series 2016-B Certificates.</u>(a) The Managing Trustee may issue and arrange for the delivery of the Series 2016-B Certificates and in doing so shall compile the following information in writing which will be delivered to and held by the Certificate Registrar:

(i) the name of the Series;

(ii) the percentage interest of each Series 2016-B Certificate to be issued;

(iii) the name and contact information of the initial Certificate Holder(s) and of the Series Depositor;

(iv) a description of the initial Series Assets and the agreements relating thereto;

(v) for the purposes of making payments under the Series 2016-B Certificates by wire transfer, bank and bank account details of the initial Certificate Holder(s) together with appropriate contact details to enable a call back confirmation to be made in respect of the bank and bank account details provided hereunder; and

(vi) any other information that the Managing Trustee deems necessary.

(b) In addition to the information compiled pursuant to subsection (a), the Managing Trustee shall also retain the following information in connection with the issuance and delivery of the Series 2016-B Certificates:

(i) counterparts of this Series Supplement executed and delivered by the parties hereto;

(ii) deposit or credit of the Securities to the Series Account as of the Closing Date; and

(iii) such documents, agreements, certificates and instruments that may be required by any of the parties hereto or the initial Certificate Holder in connection with the issuance of the Series 2016-B Certificates.

SECTION 2.7 <u>Delivery of the Series 2016-B Certificates</u>. Upon satisfaction of the conditions set forth in Section 2.6, the Series 2016-B Certificates shall be delivered by the Managing Trustee to the Certificate Holder.

5

SECTION 2.8    Security Interest in Series Assets.

(a)    From time to time certain Series Assets may be pledged by the Managing Trustee, in its sole discretion, on behalf of the Master Trust, acting solely with respect to and on behalf of Series 2016-B, to support other obligations incurred by Series 2016-B to any Counterparty or other third parties in accordance with this Series Supplement.

(b)    The foregoing security interests may be granted and perfected by the Managing Trustee in its sole discretion, on behalf of the Master Trust, acting solely with respect to and on behalf of Series 2016-B, pursuant to appropriate security and perfection documents, statements, charges or deeds duly completed and ready for filing or recording, if necessary, in such jurisdictions as may be necessary or, in the opinion of the related secured party, desirable, to grant, perfect or protect such security interests.  To evidence and perfect such security interests, the Managing Trustee is empowered and authorized to execute and deliver on behalf of the Master Trust acting solely with respect to and on behalf of Series 2016-B such documents and certificates as the related secured party may deem necessary or desirable to perfect such security interest.

SECTION 2.9    Distribution Report.  The Series Depositor shall provide to the Custodian a Distribution Report no less than one Business Day prior to each Payment Date (including the Final Payment Date).  The Series Assets on deposit in the Series Account shall be allocated and distributed by the Custodian in the following order of priorities based solely on the Distribution Report:

(a)    first, on each Payment Date, to the Delaware Trustee and the Custodian, any amounts accrued and owing to such party under Article X of the Master Trust Agreement to the extent not previously paid to the related party by the Depositor or by a party designated to the Custodian by the Depositor as paying on behalf of the Depositor;

(b)    second, on each Payment Date, to the Series Depositor, all amounts then due regarding expenses of  Series 2016-B, including without limitation any legal fees and expenses, accounting fees and expenses, and  management fees;

(c)    third, on each Payment Date and on the Final Payment Date, pro rata to each Counterparty, if any, all amounts due and owing to such Counterparty pursuant to the related Counterparty Agreement as set forth in the Distribution Report for such Payment Date or Final Payment Date; and

(d)    fourth, on each Payment Date, if so requested by the Certificate Holder, Series Assets of Series 2016-B in an amount in excess of 102% of the amounts necessary to satisfy liabilities of Series 2016-B, including liability for the payments required under clauses (a) through (c) above.

(e)    fifth, on the Final Payment Date, to the Certificate Holder, any Excess Payment Amounts.

For the avoidance of doubt, any amounts on deposit on any Payment Date that are not required to fund the payments described in clauses (a) through (d), above shall remain on deposit

6

in the Series Account pending distribution on the next Payment Date or, if earlier, the Final Payment Date.

SECTION 2.10    Records and Assets.  Separate and distinct records shall be maintained for Series 2016-B and the assets of the Master Trust associated with Series 2016-B shall be held and accounted for separately from the assets of the Master Trust generally and from the assets of each other Series of the Master Trust.

SECTION 2.11    Limited Recourse.    The Series 2016-B Certificates, the Series Agreements and all other debts, liabilities, obligations and expenses incurred, contracted for or otherwise existing with respect to Series 2016-B shall be enforceable only against the Series Assets credited to the Series Account and not against the assets of the Master Trust generally or the assets of any other Series of the Master Trust.  In addition, under the Delaware Statutory Trust Act, none of the debts, liabilities, obligations and expenses incurred, contracted for or otherwise existing with respect to the Master Trust generally or any other Series of the Master Trust will be enforceable against the assets of Series 2016-B.

SECTION 2.12    Appointment of Designee.

(a)    For the purposes of the Master Trust Agreement and this Series Supplement, the Series Depositor hereby designates Donald D. Solow as its Authorized Person.

# ARTICLE 3

# COLLATERAL MANAGER

SECTION 3.1    Designation of Collateral Manager.

(a)    At its request, the Certificate Holder shall act as Collateral Manager and in such capacity will have the power, authority and authorization to manage the Securities and perform any and all obligations of the Master Trust with respect thereto (including, but not limited to, the power, authority and authorization to open and maintain accounts as needed on behalf of Series 2016-B), manage the Series Assets, provide written investment instructions to the Custodian regarding any Securities held by the Custodian, and request the Managing Trustee from time to time to execute and deliver, in the name and on behalf of Series 2016-B, Series Agreements as determined by the Collateral Manager in its sole discretion.  For the avoidance of doubt and notwithstanding any other provision of the Master Trust Agreement or this Series Supplement to the contrary, each of the Trust Depositor, the Series Depositor, the Certificate Registrar, the  Trustees and the Custodian shall have no duty or obligation to manage, control, use, make any payment in respect of, register, record, insure, inspect, sell, dispose of or otherwise deal with any part of the Securities (except, in the case of the Custodian, as expressly provided in the Master Trust Agreement and this Series Supplement) and shall have no duty to monitor or oversee the Collateral Manager, and each of the Trust Depositor, the Series Depositor, the Certificate Registrar, the Trustees and the Custodian shall have no liability with respect to any actions taken or instructions given by the Collateral Manager.

(b)    In furtherance of the foregoing, the Master Trust (solely with respect to and on behalf of Series 2016-B) hereby appoints the Collateral Manager as its agent and attorney

7

in fact to (i) execute and deliver on behalf of the Master Trust (solely with respect to and on behalf of Series 2016-B) all documents of transfer and other documents in connection with the purchase or sale of the Series Assets by the the Master Trust (solely with respect to and on behalf of Series 2016-B), the management and servicing of the Series Assets by the Collateral Manager, the management of the performance by the Master Trust (solely with respect to and on behalf of Series 2016-B) under the Series Agreements and all other documents contemplated in this Series Supplement, (ii) execute and deliver on behalf of the Master Trust (solely with respect to and on behalf of Series 2016-B) any financing statement, continuation statement or termination statement contemplated by the Series Supplement and required under the Uniform Commercial Code under any applicable jurisdiction with respect to the Series Assets and (iii) take all necessary action to carry out the obligations of the Master Trust (solely with respect to and on behalf of Series 2016-B) with respect to the Series Assets and Series Agreements pursuant to this Series Supplement and the Series Agreements and the transactions contemplated herein and therein. The Collateral Manager, by its acceptance as a Certificate Holder of its Series 2016-B Series Certificate, hereby accepts such appointment. This power of attorney, being coupled with an interest, is irrevocable until this Series Supplement has been terminated and the obligations of the parties hereunder have been fully satisfied.

(c)    The Collateral Manager shall, subject to the terms and conditions of this Series Supplement, perform its obligations hereunder with reasonable care and in good faith using a degree of skill and attention no less than that which the Collateral Manager exercises with respect to comparable assets that it manages for others with similar objectives and policies, and to carry out its obligations hereunder in a manner consistent with the practices and procedures followed by prudent institutional managers of national standing relating to assets of the nature and character of the Series Assets.

(d)    Subject to the terms and conditions of this Series Supplement, the Collateral Manager shall (i) select the Series Assets to be acquired by the Master Trust (solely with respect to and on behalf of Series 2016-B), (ii) invest and reinvest the Series Assets and facilitate the acquisition and settlement of Series Assets by the Master Trust (solely with respect to and on behalf of Series 2016-B), (iii) instruct the Custodian in writing with respect to any disposition or tender of any Series Assets by the Master Trust (solely with respect to and on behalf of Series 2016-B), and (iv) manage the performance by the Master Trust (solely with respect to and on behalf of Series 2016-B) under all Series Agreements. In performing its duties hereunder, the Collateral Manager shall manage the Series Assets with the objective to maximize the investment returns on the Series Assets; provided, that in no event whatsoever shall there be recourse to the Collateral Manager or any of its Affiliates for any payment obligations of Series 2016-B under this Series Supplement, the Series 2016-B Certificates, the other Series Agreements or under any of the other documents executed and delivered by the Master Trust (solely with respect to and on behalf of Series 2016-B) in connection with the transactions contemplated by this Series Supplement or the Master Trust Agreement. In no event shall the Collateral Manager cause the Master Trust (solely with respect to and on behalf of Series 2016-B) to acquire any asset or take any other action if the ownership of or exposure to such asset or taking of such action would cause the treatment of the Master Trust (solely with respect to and on behalf of Series 2016-B) to be inconsistent with Section 2.5 of the Master Trust Agreement or Section 5.1 of the Series Supplement for U.S federal, state and local income and franchise tax purposes.

Case 3:23-cr-00048-MOC-DCK    Document 113-3    Filed 05/03/26    Page 11 of 24

(e)     The Collateral Manager may, subject to and in accordance with the provisions of this Series Supplement, direct in writing the Custodian or the Managing Trustee to take the following actions with respect to the Series Assets: (i) retain any Series Asset; (ii) sell or otherwise dispose of any Series Asset in the open market or otherwise as permitted under the terms hereof; (iii) if applicable, tender any Series Asset or pledge any Series Asset; (iv) if applicable, consent or withhold consent to any proposed amendment, modification or waiver in connection with any Series Assets; or (v) exercise, or consent to the exercise of, any other rights or remedies with respect to any Series Assets or take any other action in respect of any Series Assets which in the reasonable judgment of the Collateral Manager is in the best interests of the Certificate Holder.

(f)     Subject to the satisfaction of the requirements of this Series Supplement, following the disposition of any Series Assets (or any security or property received in exchange therefor), the Collateral Manager may direct in writing the Custodian to apply such amounts to the purchase of one or more new Series Assets, from time to time to hold such amounts in the Series Account pending reinvestment or to apply such amounts in accordance with Section 2.9 of this Series Supplement on a Payment Date.

(g)     The Collateral Manager hereby agrees to the following: (i) the Collateral Manager agrees not to institute against, or join any other Person in instituting against, the Master Trust or Series 2016-B any bankruptcy, reorganization, arrangement, insolvency, moratorium, liquidation or examinership proceedings or other proceedings under U.S. federal or state bankruptcy or similar laws until at least two years and one day or, if longer, the applicable preference period then in effect, after the payment in full of all amounts owing under the Series Supplement; provided, however, that nothing in this subclause (g) shall preclude, or be deemed to estop, the Collateral Manager (A) from taking any action prior to the expiration of the applicable preference period in (x) any case or proceeding voluntarily filed or commenced by the Master Trust with respect to Series 2016-B, or (y) any involuntary insolvency proceeding filed or commenced against the Master Trust with respect to Series 2016-B, as the case may be, by a Person other than the Collateral Manager, or (B) from commencing against the Master Trust (solely with respect to Series 2016-B) or any properties of the Master Trust (solely with respect to Series 2016-B) any legal action which is not a bankruptcy, reorganization, arrangement, examinership, insolvency, moratorium or liquidation proceeding; (ii) the Collateral Manager shall cause any sale of any Series Assets to be conducted on terms and conditions no less favorable to the Master Trust (solely with respect to Series 2016-B)  than those available on an arm's length basis; and (iii) the Collateral Manager shall notify the Managing Trustee and the Custodian of any change in control of the Collateral Manager within a reasonable time after such change in control occurs.

(h)     In providing services hereunder, the Collateral Manager may, without the prior consent of the Master Trust (solely with respect to and on behalf of Series 2016-B), employ or contract with third parties, including its Affiliates, to render advice (including investment advice) and assistance, including the performance of any of its duties hereunder. The Collateral Manager shall not be relieved of any of its duties hereunder as a result of employing or contracting with the third parties pursuant to this Section 3.1(h) regardless of the performance of services by such third parties. Notwithstanding the foregoing, the Collateral Manager may not assign its duties hereunder except with the consent of the Managing Trustee.

9

(i)     Subject to the terms of this Series Supplement, the Collateral Manager shall use all commercially reasonable efforts to ensure that no action is taken by it, and shall not intentionally or with reckless disregard take any action, that would (A) materially adversely affect the status of the Master Trust or any Series thereof for U.S. federal or state law as set forth in Section 2.5 of the Master Trust Agreement and Section 5.1 of this Series Supplement or any other law which is applicable to the Master Trust or any Series thereof, (B) not be permitted by the Master Trust 's organizational documents, (C) violate any law, rule or regulation of any governmental body or agency having jurisdiction over the Master Trust or any Series thereof, including actions which would violate any U.S. federal, state or other applicable securities law the violation of which would adversely affect, in any material respect, the interests of any Certificate Holder, the business, operations, assets or financial condition of the Master Trust or any Series thereof, or the ability of the Collateral Manager to perform its obligations hereunder, (D) require registration of the Master Trust or any Series thereof or the pool of Series Assets as an "investment company" under the Investment Company Act of 1940, as amended, (E) adversely affect the Trustees or the Custodian in any material respect, (F) result in the Master Trust or Series 2016-B violating the terms of this Series Supplement or the Master Trust Agreement or any Series Agreement, or (G) adversely affect the interests of the Certificate Holder in the pool of Series Assets in any material respect (other than actions (i) permitted hereunder, including any grants of security interests in such Series Assets pursuant to Section 2.8 of this Series Supplement or (ii) taken in the ordinary course of business of the Collateral Manager) or (H) cause adverse tax consequences to the Master Trust or any Series thereof.

## ARTICLE 4

## TERMINATION OF SERIES SUPPLEMENT

SECTION 4.1     Termination of Series Supplement.

(a)     On the Surrender Date, the Certificate Holder may surrender its Series 2016-B Certificate to the Managing Trustee in accordance with Section 5.7 of the Master Trust Agreement.  On such date, the Series Depositor will Instruct the Custodian to make a distribution of the Series Assets in accordance with Section 2.9 hereof and the Managing Trustee will cancel the Series 2016-B Certificate.

(b)     This Series Supplement will terminate and be of no further force or effect upon the payment to the Delaware Trustee and the Custodian of all amounts required to be paid to them pursuant to this Series Supplement and distribution of any Excess Payment Amounts to the Certificate Holder.

## ARTICLE 5

## MISCELLANEOUS

SECTION 5.1     Tax Treatment.  It is the intention of the parties that, for U.S. federal, state and local income and franchise tax purposes, Series 2016-B will be treated as a separate business entity and the Series 2016-B  Certificates will be treated as equity interests therein (and shall not be treated as debt), and so long as all of the Series 2016-B Certificates are owned by a

single Series Tax Owner, this Series of the Master Trust will be treated as an entity disregarded as separate from the Series Tax Owner. If the Series 2016-B Certificates are owned by more than one Person for U.S. federal income tax purposes, this Series of the Master Trust will be treated as a partnership, and the Series 2016-B Certificates will be treated as partnership interests in such partnership, for U.S. federal, state and local income and franchise tax purposes. The Series Depositor agrees, and the Certificate Holder by acceptance of its Series 2016-B Certificates agrees, to such treatment and each further agrees to take no action inconsistent with such treatment.

SECTION 5.2    Supplements and Amendments.

(a)    This Series Supplement may be amended, supplemented, amended and restated or otherwise modified in writing by the parties hereto. For the avoidance of doubt, no consent or approval of any Certificate Holder shall be required for any such amendment, supplement or modification of this Series Supplement.

(b)    Promptly after the execution of any amendment, supplement or other modification of this Series Supplement requiring an amendment to the Certificate of Trust, the parties hereto shall cause the filing by the Delaware Trustee of such amendment to the Certificate of Trust with the Secretary of State of the State of Delaware.

(c)    Promptly after the execution of this Series Supplement or any amendment, supplement or other modification of this Series Supplement, the Trust Depositor shall furnish a copy of this Series Supplement or such amendment, supplement or modification to the Certificate Holder of this Series.

SECTION 5.3    Limitation on Rights of Others.    The provisions of this Series Supplement are solely for the benefit of the Master Trust, the Series Depositor, the Delaware Trustee, the Managing Trustee, the Custodian, the Certificate Registrar, the Trust Depositor and the Certificate Holder and nothing in this Series Supplement, whether express or implied, shall be construed to give to any other Person any legal or equitable right, remedy or claim in the general property or any Series property or under or in respect of this Series Supplement or any covenants, conditions or provisions contained herein.

SECTION 5.4    Severability.    If any provision of, or obligation under, this Series Supplement, or the application thereof to any Person or under any circumstance, shall be invalid, illegal or unenforceable in any jurisdiction, the validity, legality and enforceability of the remaining provisions of, and any obligations under, this Series Supplement, or the application of such provision in any other jurisdiction shall not in any way be affected or impaired thereby, and each provision of this Series Supplement shall be valid and enforceable to the extent permitted by applicable law.

SECTION 5.5    Counterparts.    This Series Supplement and any amendments, modifications, restatements, supplements and/or replacements hereof, or waivers or consents hereto, may be executed in any number of counterparts, and by different parties hereto in separate counterparts, each of which, when so executed and delivered, shall be deemed to be an original and all of which counterparts, when taken together, shall constitute one and the same

11

Case 3:23-cr-00048-MOC-DCK    Document 113-3    Filed 05/03/26    Page 14 of 24

instrument. This Series Supplement shall become effective upon the execution of a counterpart to each of the parties hereto.

SECTION 5.6 <u>Bound by Master Trust Agreement</u>. By its execution of this Series Supplement, the Series Depositor, the Trust Depositor, the Note Registrar and the Managing Trustee, and by its acceptance of the Series 2016-B Series Certificate, the Certificate Holder, shall be deemed to have agreed to be bound by, and to comply with, the terms of the Master Trust Agreement and this Series Supplement. For all purposes of this Series Supplement, the parties hereto and the Delaware Trustee and the Custodian shall be entitled to the same rights, protections, indemnities and immunities as set forth in the Master Trust Agreement.

SECTION 5.7 <u>No Waiver</u>. No failure on the part of the parties hereto to exercise, and no delay in exercising, and no course of dealing with respect to, any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof or the exercise of any other right, power or privilege operate as such a waiver.

SECTION 5.8 <u>Remedies Cumulative</u>. No right, power or remedy of the parties hereunder shall be exclusive of any other right, power or remedy, but shall be cumulative and in addition to any other right, power or remedy thereunder or now or hereafter existing by law or in equity.

SECTION 5.9 <u>No Petition</u>. The Series Depositor and the Trust Depositor by entering into this Series Supplement, hereby covenant and agree that neither of them will at any time institute against the Master Trust, or consent to or join in any institution against the Master Trust of, any bankruptcy, reorganization, arrangement, examination, insolvency, liquidation or similar proceeding under any federal, state or foreign bankruptcy or similar law.

SECTION 5.10 <u>Notices</u>. Any and all notices, requests, demands or other communications required or permitted to be given hereunder shall be given or mailed by first class certified mail, return receipt requested, by an overnight delivery service, or by fax or electronic mail addressed to the parties at the addresses set forth below or any other notice details which may be provided by a party to the other parties hereto from time to time and shall be effective when actually received:

If to the Delaware Trustee or the Custodian, to:

The Bryn Mawr Trust Company of Delaware
20 Montchanin Road, Suite 100
Greenville, DE 19807
Attention: Trust Administration
Fax: (302) 798-1794
Email:rcoppock@bmtc.com

If to the Trust Depositor, Managing Trustee or Certificate Registrar, to:

Regatta Holdings LLC
c/o Donald D. Solow
235 Main Street, Ste. 224

12

Madison, NJ 07940
Email: dsolow@att.net

If to the Series Depositor, to:

Regatta Holdings LLC
c/o Donald D. Solow
235 Main Street, Ste. 224
Madison, NJ 07940
Email: dsolow@att.net

If to the Certificate Holder, to such Certificate Holder at its address reflected on the books of the Certificate Registrar.

[Remainder of Page Intentionally Left Blank]

13

IN WITNESS WHEREOF, the parties hereto have caused this Series Supplement to be duly executed as of the date first above written.

REGATTA HOLDINGS LLC,
as Trust Depositor

By: _____

    Name: Donald D. Solow
    Title:   Manager

REGATTA HOLDINGS LLC,
    as Series Depositor

By: _____

    Name: Donald D. Solow
    Title:   Manager

REGATTA HOLDINGS LLC,
    as Certificate Registrar

By: _____

    Name: Donald D. Solow
    Title:   Manager

REGATTA HOLDINGS LLC,
    as Managing Trustee

By: _____

    Name: Donald D. Solow
    Title:   Manager

[Signature Page to Series Supplement (Series 2016-B)]

**FORM OF SERIES CERTIFICATE**

THIS SERIES CERTIFICATE HAS NOT BEEN AND WILL NOT BE REGISTERED UNDER THE U.S. SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT"), OR THE SECURITIES LAWS OF ANY STATE OF THE UNITED STATES OR ANY OTHER JURISDICTION. THE HOLDER HEREOF, BY ACCEPTING THIS SERIES CERTIFICATE, AGREES THAT NEITHER THIS SERIES CERTIFICATE NOR ANY INTEREST OR PARTICIPATION HEREIN MAY BE OFFERED, RESOLD, PLEDGED OR OTHERWISE TRANSFERRED OTHER THAN IN ACCORDANCE WITH AND IN RELIANCE ON ONE OR MORE EXEMPTIONS FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT, AND IN ACCORDANCE WITH ANY APPLICABLE SECURITIES LAWS OF ANY STATE OF THE UNITED STATES OR ANY OTHER APPLICABLE JURISDICTION AND THE RESTRICTIONS IMPOSED HEREIN.

THE ISSUER IS NOT AND WILL NOT BE REGISTERED AS AN INVESTMENT COMPANY UNDER THE U.S. INVESTMENT COMPANY ACT OF 1940, AS AMENDED (THE "INVESTMENT COMPANY ACT"). TRANSFERS OF THIS SERIES CERTIFICATE, OR ANY INTEREST OR PARTICIPATION HEREIN, MAY ONLY BE EFFECTED UNDER CIRCUMSTANCES THAT WILL NOT REQUIRE THE ISSUER TO REGISTER AS AN INVESTMENT COMPANY UNDER THE INVESTMENT COMPANY ACT.

Certificate No.: [__]

Original Holder: [_____]

Percentage ownership interest: [_____]

This Certificate evidences a beneficial ownership interest in certain distributions of [Series _____], the property of which includes Series Assets contributed to [Series _____] from time to time. This Certificate does not represent an interest in or obligation of the Depositor, the Trustees, the Certificate Registrar, or the Custodian, or any of their respective Affiliates.

THIS CERTIFIES THAT [_____] is the registered owner of a nonassessable, fully-paid, beneficial ownership interest in certain distributions of [Series _____].

This Series Certificate is issued under and is subject to the terms and conditions of that certain Amended and Restated Master Trust Agreement, dated as of March 1, 2016 (as the same may be amended or supplemented or amended and restated from time to time in accordance with the terms thereof, the "Trust Agreement"), governing CYGNET 002 Master Trust, a Delaware statutory trust (the "Master Trust"), among Regatta Holdings LLC as Depositor and as Certificate Registrar and as Managing Trustee , and The Bryn Mawr Trust Company of Delaware, as Delaware Trustee, and The Bryn Mawr Trust Company of Delaware, as Custodian, as supplemented by the Series Supplement, dated as of [DATE], among the Depositor, the Managing Trustee, the Certificate Registrar and the Series Depositor pursuant to which Series [_____] was created (as the same may be amended or supplemented or amended and

Case 3:23-cr-00048-MOC-DCK   Document 113-3   Filed 05/03/26   Page 18 of 24

restated from time to time in accordance with the terms thereof, the "Series Supplement"). Capitalized terms used herein and not defined herein shall have the respective meanings provided in the Trust Agreement and the Series Supplement. The original registered holder of this Series Certificate ("Original Holder") or any subsequent transferee, as the case may be, is referred to herein as the "Certificate Holder".

On each Payment Date, the Custodian will pay to each Certificate Holder such Certificate Holder's pro rata share of the amounts held by the Custodian that are allocated and available on such Payment Date to pay the Certificate Holder pursuant to the Series Supplement. This Series Certificate is payable solely out of the Series Assets allocated to [Series _____]. This Series Certificate is entitled to the benefits specified in the Trust Agreement as supplemented by the Series Supplement and other Trust Documents and reference is hereby made to such Trust Documents for a description of the nature and extent of the Series Assets and the rights of the parties to the Trust Documents in respect to such Series Assets. The Certificate Holder, by its acceptance of this Series Certificate, acknowledges and agrees that its rights to receive distributions in respect of this Series Certificate are subordinated to all other payments required to made pursuant to the Series Supplement.

This Series Certificate is transferable at any time in whole or in part, provided that (i) the transfer is exempt from the registration requirements of the Securities Act of 1933, as amended ("Securities Act"), the securities laws of any state of the United States or any other jurisdiction and (ii) the transferee is both (A) a "Qualified Purchaser," within the meaning of Section 2(a)(51) of the Investment Company Act of 1940, as amended ("Investment Company Act"), or a company beneficially owned by one or more "qualified purchasers", and (B) any of (1) a Qualified Institutional Buyer within the meaning of Rule 144A under the Securities Act, (2) (a) is not a "U.S. person" (as defined in Regulation S of the Securities Act), (b) not purchasing the Series Certificate for the benefit of a U.S. person and (3) purchasing the Series Certificate in an offshore transaction in accordance with Regulation S, (4) an "insurance company" (as defined in the Securities Act) or (5) a Governmental Authority which has assumed control of an "insurance company" (as defined in the Securities Act). This Series Certificate may not be sold, resold, pledged or otherwise transferred unless such sale or transfer will not cause the Master Trust to be required to register as an "Investment Company" under the Investment Company Act. The transfer of this Series Certificate is registrable by the Certificate Registrar upon surrender of this Series Certificate for registration of transfer at the offices of the Managing Trustee, accompanied by an Assignment substantially in the form attached hereto as Exhibit 1, duly executed by the Certificate Holder, and an investment letter in substantially the form attached hereto as Exhibit 2 (the "Investment Letter"), duly executed by the transferee.

The Managing Trustee, the Delaware Trustee, the Custodian and the Certificate Registrar may treat the person in whose name this Series Certificate is registered as the owner hereof for all purposes, and the Managing Trustee, the Delaware Trustee, the Custodian and the Certificate Registrar shall not be affected by notice to the contrary.

The obligations created by this Series Certificate shall terminate upon the surrender of this Certificate and the final payment to the Certificate Holder of an amount equal to any Excess Payment Amounts in accordance with the Series Supplement.

A-2

THIS SERIES CERTIFICATE AND THE RIGHTS AND OBLIGATIONS OF THE HOLDER AND THE MASTER TRUST SHALL BE GOVERNED BY AND BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF DELAWARE.

THIS SERIES CERTIFICATE IS FOR [SERIES _____] AND EACH SERIES SHALL BE A SEPARATE SERIES OF THE MASTER TRUST WITHIN THE MEANING OF SECTIONS 3804(a) AND 3806 (b)(2) OF THE DELAWARE STATUTORY TRUST ACT. AS SUCH, SEPARATE AND DISTINCT RECORDS (DIRECTLY OR INDIRECTLY, INCLUDING THROUGH A NOMINEE OR OTHERWISE) SHALL BE MAINTAINED BY THE MASTER TRUST FOR EACH SERIES AND THE ASSETS OF THE MASTER TRUST ASSOCIATED WITH EACH SERIES SHALL BE HELD AND ACCOUNTED FOR BY THE MASTER TRUST SEPARATELY FROM THE ASSETS OF ANY OTHER SERIES. THE DEBTS, LIABILITIES, OBLIGATIONS AND EXPENSES INCURRED, CONTRACTED FOR OR OTHERWISE EXISTING WITH RESPECT TO [SERIES_____] SHALL BE ENFORCEABLE AGAINST THE ASSETS OF [SERIES_____] ONLY, AND NOT AGAINST THE ASSETS OF THE MASTER TRUST GENERALLY OR THE ASSETS OF ANY OTHER SERIES. FURTHER, NONE OF THE DEBTS, LIABILITIES, OBLIGATIONS AND EXPENSES INCURRED, CONTRACTED FOR OR OTHERWISE EXISTING WITH RESPECT TO THE MASTER TRUST GENERALLY OR ANY OTHER SERIES OF THE MASTER TRUST SHALL BE ENFORCEABLE AGAINST THE ASSETS OF [SERIES _____]. NOTICE OF THIS LIMITATION ON INTERSERIES LIABILITIES IS SET FORTH IN THE CERTIFICATE OF TRUST OF THE MASTER TRUST AS FILED IN THE OFFICE OF THE SECRETARY OF STATE OF THE STATE OF DELAWARE AND UPON THE GIVING OF SUCH NOTICE IN THE CERTIFICATE OF TRUST, THE STATUTORY PROVISIONS OF SECTION 3804(a) OF THE DELAWARE STATUTORY TRUST ACT RELATING TO LIMITATIONS ON INTERSERIES LIABILITIES (AND THE STATUTORY EFFECT UNDER SECTION 3804(a) OF SETTING FORTH SUCH NOTICE IN THE CERTIFICATE OF TRUST) BECAME APPLICABLE TO THE MASTER TRUST AND EACH SERIES. EVERY NOTE, CERTIFICATE, BOND, CONTRACT OR OTHER UNDERTAKING ISSUED BY OR ON BEHALF OF A PARTICULAR SERIES SHALL INCLUDE A RECITATION LIMITING THE OBLIGATION REPRESENTED THEREBY TO THAT SERIES AND ITS ASSETS.

A-3

IN WITNESS WHEREOF, the Managing Trustee has executed this Series Certificate on behalf of the Master Trust acting solely with respect to and on behalf of [Series _____].

Dated: _____, 20__

<div style="margin-left:45%">

CYGNET 002 MASTER TRUST, acting solely with respect to and on behalf of Series [_____]

By: Regatta Holdings LLC, not in its individual capacity but solely as Managing Trustee of CYGNET 002 Master Trust, acting solely with respect to and on behalf of Series [_____]

By: _____

    Name:

    Title:

</div>

**EXHIBIT 1**

FORM OF ASSIGNMENT

FOR VALUE RECEIVED, the undersigned hereby sell(s), assign(s) and transfer(s) the attached Series Certificate unto

_____

_____

_____

(Please print or typewrite name, address including postal zip code, and Taxpayer Identification Number of assignee)

(the "Transferee") and hereby authorize(s) the registration of transfer of such Series Certificate to the transferee on the Certificate Register maintained by the Certificate Registrar.

The undersigned hereby instructs the Managing Trustee to issue a new Series Certificate to the Transferee with a percentage interest equal to the percentage interest of the attached Series Certificate.

Dated:

_____
Signature by or on behalf of transferor

The Transferee hereby advises the Managing Trustee and Certificate Registrar that its account information for the purposes of making payments under the Series Certificates, is as follows:

Name of Bank:

Account Number:

ABA#:

Swift Code:

Credit Account of:

Reference:

Contact details for the purposes of call back confirmation:

_____
Signature by or on behalf of Transferee

A1-1

**EXHIBIT 2**

FORM OF INVESTMENT LETTER

Regatta Holdings LLC
Attention: Donald D. Solow
235 Main Street, Ste. 224
Madison, NJ 07940

Ladies and Gentlemen:

We refer to the Amended and Restated Master Trust Agreement, dated as of March 1, 2016 (as amended or supplemented or amended and restated from time to time in accordance with the terms thereof, the "Trust Agreement"), governing CYGNET 002 Master Trust, a Delaware statutory trust (the "Master Trust"), by and among The Bryn Mawr Trust Company of Delaware, as Delaware Trustee, The Bryn Mawr Trust Company of Delaware, as Custodian, and Regatta Holdings LLC as Depositor, Managing Trustee and Certificate Registrar. [Name of Transferee/Purchaser] (the "Purchaser") proposes to accept a Series Certificate representing the beneficial interest in [Series _____]. Capitalized terms used herein without definition have the meanings given to them in the Trust Agreement and the Series Supplement applicable to the Series Certificate referred to below (the "Series Supplement").

1.      The Purchaser understands that the Master Trust is not registered as an investment company under the Investment Company Act of 1940, as amended (the "Investment Company Act"), and the Series Certificates are being sold under circumstances designed to preclude the Master Trust from becoming subject to the Investment Company Act. The Purchaser hereby represents and warrants that the Purchaser (or the beneficiary of an account for which the Purchaser is acquiring a Series Certificate in accordance with this letter) is a "qualified purchaser" within the meaning of Section 2(a)(51) of the Investment Company Act.

2.      [The Purchaser warrants that it is a "qualified institutional buyer" within the meaning of Rule 144A under the Securities Act of 1933, as amended (the "Securities Act")] [The Purchaser warrants that (i) it is not a "U.S. person" (as defined in Regulation S of the Securities Act of 1993, as amended (the "Securities Act"), (ii) it is not purchasing the Series Certificate for the benefit of a U. S. person, and (iii) it is purchasing the Series Certificate in an offshore transaction in accordance with Regulation S.]

3.      The Purchaser has such knowledge and experience in financial and business matters that the Purchaser is and will be capable of evaluating the merits and risks of the prospective investment in the Series Certificates.

4.      The Purchaser (or any account for which the Purchaser is exercising sole investment discretion) is acquiring the Series Certificates for investment purposes only and not with a view to the distribution thereof and is and will continue to be able to bear the financial and economic risk of investment in the Series Certificates, including a complete loss, while maintaining adequate means of providing for its current needs and foreseeable contingencies.

A2-1

5.      The Purchaser understands that by its acceptance of the Series Certificate, the Purchaser agrees to be bound by the terms and provisions of the Trust Agreement and the Series Supplement as though the Purchaser were a party thereto.

6.      The Purchaser acknowledges that the Master Trust has not been qualified under the Trust Indenture Act of 1939, as amended.

Very truly yours,

_____

By

Name:

Title:

A2-2