# EXHIBIT

# 12

November 16th , 2018

Greg E. Lindberg
2222 Sedwick Road
Durham, NC 27713

Dear Mr. Lindberg:

This letter agreement (this "Agreement") is entered into in connection with the Coinsurance Agreement effective March 31, 2016 (the "Coinsurance Agreement") between United Security Assurance Company of Pennsylvania ("Ceding Company") and Vista Life & Casualty Reinsurance Company, acting solely through Separate Account No. 1.16 (the "Reinsurer").

It is mutually agreed to and understood by the Reinsurer and Principal (as defined herein) as follows:

- Mr. Greg E. Lindberg (the "Principal") is a principal, controlling party, and ultimate beneficial owner of the Eli Global group of companies.

- The Principal has the means, authority and ownership control to satisfy all the terms of this agreement either personally or through one of the identified entities provided in Mr. Lindberg's audited Statement of Financial Condition dated December 31, 2017, listed under "Investment(s) in Closely Held Businesses".

- The Principal and the Reinsurer (collectively referred to as the "Parties" and/or in the singular "Party") are the Parties to this Agreement.

- Pursuant to the Coinsurance Agreement, Ceding Company ceded a quota share of risk and the Reinsurer accepted and agreed to indemnify the Ceding Company for the Quota Share of the Long Term Care Claims Liability of the Reinsured Policies (as such terms are defined in Article III of the Coinsurance Agreement).

- For the assumption of the risk identified in Article I of the Coinsurance Agreement, the Reinsurer received premiums as set forth in Article VII of the Coinsurance Agreement.

- The premiums paid to the Reinsurer along with any other payments required under the Coinsurance Agreement have been placed into a trust account that is maintained in accordance with criteria set forth in Article XX of the Coinsurance Agreement (the "Trust Account").

- The Parties wish to allow the Reinsurer to require the repurchase of certain assets by the Principal to the extent the appropriate consent and disclosure is provided for each repurchase by the Reinsurer or the owner of the asset, in accordance with the Investment Advisers Act of 1940, as amended (the "Advisers Act").

- "Repurchase" for purposes of this Agreement shall mean that the Principal purchases or arranges for the purchase of investments from the Trust Account in exchange for cash or other permitted Assets (as defined in the Coinsurance Agreement).

In consideration of the above and the mutual covenants set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

**Repurchase Trigger**.   The Reinsurer shall have the right to demand that the Principal repurchase investments from the Trust Account if any private loan investment held in the Trust Account is delinquent more than 90 days in the payment of scheduled interest or principal.

The event described in this Section 1 above shall be a "Trigger Event".   Notwithstanding the foregoing, the Parties acknowledge and agree that a repurchase caused by a Trigger Event identified in this Section 1 shall in no event be considered a guaranty of performance of the investments in the Trust Account.

2.      **Settlement**.

(a)      Upon the occurrence of a Trigger Event in accordance with Section 1 herein, such investment shall be repurchased by the Principal within forty-five (45) calendar days of notification thereof to Principal by the Reinsurer.

(b)      The repurchase price used to settle any repurchase under Section 2(a) will be equal to the fair value of the investment prior to giving any effect to changes in fair value due to circumstances that caused the Trigger Event.

(c) Notwithstanding the foregoing, a repurchase under this Agreement shall only occur to the extent the appropriate consent and disclosure is provided by the Reinsurer or owner of the asset, in accordance with the Advisers Act.

3.      **Remedies.**  Principal acknowledges that the Reinsurer shall suffer irreparable harm if the provisions of this Agreement are not promptly complied with and monetary damages may not be a sufficient remedy for any breach or threatened breach of this Agreement, and that the Reinsurer shall be entitled, without waiving any other rights or remedies, to seek such injunctive or equitable relief as may be deemed proper by a court of competent jurisdiction.  Principal shall not state or otherwise assert, as a defense to any proceeding for such specific performance or injunctive relief, that the Reinsurer has an adequate remedy at law.

4.      **Confidentiality.**  Each Party agrees to keep all information related to this Agreement confidential in all respects, and not to share such information with third parties other than: (a) such Party's reinsureds, employees and advisors who are subject to written obligations of confidentiality no less restrictive than the terms hereof with respect to third party confidential information or are subject to legal or binding ethical obligations of confidentiality; and (b) pursuant to requirements of disclosure by a court, government agency, or other regulatory authority (provided that such party notifies the each other to the extent permitted by such legal requirement, prior to such disclosure).  Each of the Parties hereto agrees to keep the existence of this Agreement,

and the terms thereof, absolutely confidential, and to refrain from publicizing the existence of the relationship between the Parties hereto.

     5.    **Termination**.  This Agreement will continue in full force and effect until the earlier of (a) termination of the Coinsurance Agreement or (b) the written mutual consent of the Parties.

[Signature page follows]

3

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date first written above.

**VISTA LIFE & CASUALTY REINSURANCE COMPANY, ON BEHALF OF SEPARATE ACCOUNT NO. 1.16**

By: _____

Name: Donald D. Solow

Title: President


**GREG E. LINDBERG,**
in his individual capacity

By: _____

Name: Greg Lindberg

Title: Manager

4