IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO 3-23-cr-00048

UNITED STATES OF AMERICA )
)
v )
)
GREG E LINDBERG )
)

CONSENT ORDER AND
JUDGMENT OF FORFEITURE
PENDING RULE 32.2(c)(2)

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, and/or 28 U.S.C § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein.

**A forfeiture money judgment to be entered by the Court at the time of sentencing. Such forfeiture money judgment shall be the lesser of either (1) $230,000,000 or (2) the difference between the amount of restitution that this Court orders and the Special Master's estimate, as of the date restitution is ordered, of the "Mid" point value of the "Primary Restitution Assets," as such terms are defined in the Special Master's report recommending a final restitution order in this matter. Defendant stipulates that such forfeiture money judgment amount is equivalent to proceeds that Defendant personally obtained as a result of the fraud offense to which Defendant has pled guilty and/or the property involved in the money laundering offense to which Defendant has pled guilty. Defendant stipulates that the Government may satisfy the money judgment via forfeiture of proceeds of fraud, property involved in money laundering, and/or substitute property as defined in 21 U.S.C. § 853(p). For purposes of forfeiture under Section 853(p), Defendant stipulates that, as a result of acts or omissions of Defendant, one or more provisions of Section 853(p)(1)(A)-(E) are satisfied.**

2. Once this Court issues a final order of restitution, if the difference between the total amount of restitution and the "Mid" value, at the date of entry of the Order, is less than

$230,000,000, the Government shall move pursuant to Rule 32.2(e) to amend the forfeiture money judgment to specify the amount subject to forfeiture in accordance with this provision.[1]

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation. The parties further agree that the parties shall continue to coordinate with the Special Master on all restitution collection activities, Defendant shall continue to assist with restitution collection, and the Government shall coordinate with the Special Master before pursuing any asset that the Special Master intends to use to pay down Defendant's restitution obligation.

5. As set forth in the Plea Agreement, if permitted under applicable Department of Justice policies and regulations, the United States agrees to make a non-binding recommendation to the Money Laundering, Narcotics and Forfeiture Section (MNF) of the Department of Justice that any monies obtained through any forfeiture proceedings be applied to any outstanding restitution ordered by the Court.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property involved in the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, and/or 28 U.S.C. § 2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

---

[1] If the difference between the restitution and the value of the assets is less than zero, the forfeiture amount would be zero ("the lesser of").

DALLAS KAPLAN
ATTORNEY FOR THE UNITED STATES

BENJAMIN BAIN-CREED
Assistant United States Attorney

GREG E. LINDBERG
Defendant

BRANDON N. MCCARTHY
JAMES F. WYATT
ROBERT ADAMS BLAKE, JR.
RYAN MEYER
Attorneys for Defendant

Signed this the 26th day of MAY, 2026.

HONORABLE MAX O. COGBURN
UNITED STATES DISTRICT JUDGE