# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:23-CR-48-MOC

UNITED STATES OF AMERICA

v.

GREG E. LINDBERG

PRELIMINARY[1] ORDER OF
RESTITUTION

**THIS MATTER** is before the Court on the report and recommendations regarding restitution submitted by Joseph W. Grier, III, the Special Master (the "Special Master") appointed by this Court in the Order Appointing Special Master (the "Appointment Order"). (Doc. No. 56).

On February 23, 2023, in a thirteen-count Bill of Indictment, Greg E. Lindberg ("Defendant") was charged with: conspiracy, in violation of 18 U.S.C. § 371; wire fraud, in violation of 18 U.S.C. § 1343; making false insurance business statements presented to regulators, in violation of 18 U.S.C. § 1033(a); making false entries about the financial condition or solvency of an insurance business, in violation of 18 U.S.C. § 1033(c); and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). (Doc. No. 1). Defendant pled guilty to Count One (conspiracy to commit crimes in connection with the insurance business, wire fraud, and investment advisor fraud) and Count Thirteen (money laundering conspiracy) pursuant to a written plea agreement. As part of his plea agreement, Defendant agreed to pay restitution to victims of the conduct charged in the indictment and to the appointment of a special master to "identify, receive, apportion, and distribute funds for restitution, and perform any other related tasks as ordered by the Court."

On December 5, 2024, the United States and Defendant jointly moved the Court to enter an order appointing a special master. (Doc. No. 54). The Court entered the Appointment Order on

---

[1] This Order is captioned "preliminary" as it precedes sentencing in this matter. At sentencing, this Court will incorporate this Order, in its present form or in a subsequently modified form, into the Judgment in this Criminal Case.

January 23, 2025. (Doc. No. 56). Among other powers and duties, the Appointment Order empowers the Special Master to: (a) verify and quantify the losses suffered by each victim and any amounts already received by each victim to compensate for such losses; and (b) fashion a proposed restitution order.

As set forth in the Appointment Order, in order to "fashion a restitution order, the Court must consider and determine: (a) which entities and individuals are properly considered "victims" pursuant to 18 U.S.C. § 3663A(a)(2); (b) the proper amount of restitution owed to each victim pursuant to 18 U.S.C. §§ 3663A(b) and 3664(e); and (c) an appropriate payment schedule pursuant to, among other sections, 18 U.S.C. § 3664(i)." On March 20, 2026, the Special Master filed his Report and Recommendations Regarding Restitution (Doc. No. 106) (together, with a Supplement to the report filed on May 15, 2026 (Doc. No. ___), the "Restitution Report"). The Restitution Report focuses on the first two of the foregoing three determinations and seeks a preliminary order of restitution establishing: (1) who the payees of restitution are in this action; and (2) the amount of restitution ordered for each payee. The Special Master seeks to defer issues concerning the timing or priority of payments to the payees of restitution until a later time.

Based on the Court's review of the Restitution Report and the record in this action, the Court's finds and concludes that cause exists for entry of a preliminary order establishing the payees and amounts of restitution.

**IT IS, THEREFORE ORDERED** that:

Defendant shall make restitution to the following payees in the amounts listed below.

| NAME OF PAYEE | RESTITUTION AMOUNT |
|---|---|
| Colorado Bankers Life Insurance Company | $821,000,000 |
| Bankers Life Insurance Company | $21,000,000 |
| Southland National Insurance Company | $131,000,000 |
| Southland National Reinsurance Corporation | $0.00 |
| Northstar Financial Services (Bermuda) Ltd. | $179,000,000 |
| Omnia Ltd. | $43,000,000 |
| PB Life and Annuity Co., Ltd. / Universal Life Ins. Co. | $416,000,000 |
| PB Investment Holdings Ltd. | $44,000,000 |
| **TOTAL** | **$1,655,000,000** |

The recovery of any victims or other payees is limited to the amount of their loss, and Defendant's liability under this Order ceases if and when the victim(s) or other payee(s) receive full restitution. Without limiting the foregoing, to avoid an impermissible double recovery, PBLA's $416,000,000 shall be reduced by the ultimate value received by ULICO for certain preferred equity in one of the primary restitution assets that Defendant previously agreed to transfer to ULICO upon the liquidation of such preferred equity.

The Court reserves for future order how partial restitution payments through the Special Master should be applied, including whether partial restitution payments should be divided proportionately among the foregoing payees or whether some payees should receive some priority in payment over other payees.

Defendant shall notify the Court, the Special Master, the U.S. Attorney's Office, and, during any period of supervised release, the U.S. Probation Office of any material change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution.

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Nothing in this order shall impair, limit, or alter the civil rights otherwise available to any person, including, without limitation, any right to enforce judgments, contractual obligations, or other claims against Defendant for dollar amounts that may exceed the restitution assigned herein.

Defendant shall receive a credit reducing the foregoing restitution amounts for: (i) all future cash payments made to the foregoing payees by Defendant, through the Special Master or otherwise, with respect to the same loss(es); (ii) for all cash received by any of the foregoing payees from any of the "Primary Restitution Assets" or "Secondary Restitution Assets," as those terms are defined in the Appointment Order; and (iii) for all civil damages recovered by the foregoing payees as compensation for the same loss(es). The foregoing restitution amounts already account for monetary recoveries realized by the payees prior to the entry of this Order.

Defendant shall remain responsible for paying all Court-approved fees, expenses, and other compensation incurred by the Special Master in fulfilling the Special Master's duties under the Appointment Order. Defendant shall not receive a credit reducing the foregoing restitution amounts for the Court-approved administrative expenses incurred by the Special Master and paid by Defendant. Defendant shall not receive a credit reducing the foregoing restitution amounts for any incurred expenses of any kind by any party (including resulting income taxes) incidental to liquidating any of the "Primary Restitution Assets" or "Secondary Restitution Assets."

The restitution ordered herein shall be enforceable as a judgment of the United States pursuant to 18 U.S.C. §§ 3664 and 3613. At the request of any payee named in this Order, the Clerk of Court shall issue an abstract of judgment certifying that a judgment has been entered in favor of such payee in the amount specified above. Likewise, at the request of the Special Master, the Clerk of Court shall issue an abstract of judgment certifying that a judgment has been entered in favor of the Special Master in the aggregate amount of restitution imposed by this Order.

This Order is subject to amendment by the Court sua sponte or upon application by any interested party, including the Special Master. Within sixty (60) days following sentencing, the Special Master shall: further investigate whether any adjustments to the restitution amounts awarded herein should be made on account of those outstanding items specifically identified in the Restitution Report supplement, being (i) prior recoveries on "non-IALA assets," (ii) prior recoveries on "zero coupon bonds," (iii) those payments itemized on page 22 of Defendant's response to the Restitution Report (Doc. No. 132 at 22), and (iv) transfers to entities known as "SFL" and "SASL"; and move the Court to amend this order or enter a final restitution order to the extent of any adjustments the Special Master deems appropriate upon such further investigation. The Court retains jurisdiction over all matters covered by, or related to, this Order.

The restitution ordered herein shall be due and payable immediately.

**SO ORDERED**.

Signed: _____ May 1, 2026

_____
Max O. Cogburn Jr.
United States District Judge