## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREG E. LINDBERG,<br><br>         *Defendant*. | No. 5:19-CR-22-MOC<br><br>No. 3:23-CR-48-MOC |

## DEFENDANT GREG E. LINDBERG'S UNOPPOSED MOTION TO DELAY FEDERAL PRISON REPORTING DATE

Defendant Greg E. Lindberg ("Mr. Lindberg"), through undersigned counsel, respectfully submits this Motion to Delay his Federal Prison Reporting Date for ninety (90) days, so that Mr. Lindberg can remain available to assist the Special Master and Mr. Lindberg's counsel in connection with the restitution process. In support of this Motion, Mr. Lindberg sets forth the following facts.

1. In May 2024, Mr. Lindberg was convicted by a jury in Case No. 5:19-cr-22 on charges of conspiracy to commit honest services wire fraud and bribery concerning programs receiving federal funds.

2. Thereafter, on November 12, 2024, Mr. Lindberg pled guilty to charges of conspiracy and conspiracy to commit money laundering in Case No. 3:23-cr-48. Mr. Lindberg voluntarily surrendered to the U.S. Marshals Service and began serving his sentence on the day of his guilty plea.

3. While incarcerated prior to sentencing, Mr. Lindberg and his counsel provided significant assistance and cooperation to the Special Master in this case in connection with the payment of restitution. The Special Master's work has been extremely productive, as it has resulted in, *inter alia*, more than $314 million being disbursed as restitution payments.

4. To assist in the restitution process, Mr. Lindberg's counsel has participated in weekly meetings with the United States and the Special Master for approximately the last sixteen months. As part of this process, it has been essential for Mr. Lindberg's counsel to have access to Mr. Lindberg on a daily basis to discuss various topics and issues that arise during these meetings.

5. Most recently before his sentencing hearing, Mr. Lindberg was housed by the United States Marshal's Service at the Pike County Detention Center in Pikeville, Kentucky. At the Pike County Detention Center, Mr. Lindberg was permitted access to a computer and the internet which allowed him to communicate back and forth with his attorneys on a daily basis in connection with the restitution process.

6. On May 26, 2026, Mr. Lindberg was sentenced by the Court at a consolidated sentencing hearing. Mr. Lindberg was sentenced to a term of imprisonment totaling 144 months in Case No. 3:23-cr-48, and a concurrent term of imprisonment of 87 months in Case No. 5:19-cr-22. *See* Case No. 3:23-cr-48, Dkt. Entry No. 162; Case No. 5:19-cr-22, Dkt. Entry No. 513.

7. Prior to sentencing, the Court entered an Order bifurcating the sentencing hearing in this matter from any hearing(s) necessary to determine restitution. *See* Case No. 3:23-cr-48, Dkt. Entry No. 108; Case No. 5:19-cr-22, Dkt. Entry No. 505. The Special Master has entered a Report and Recommendation regarding Restitution (Dkt. Entry No. 106), as well as a Supplemental Report (Dkt. Entry No. 146). Objections to the Report and Recommendation have been filed by Mr. Lindberg. *See* Case No. 3:23-cr-48, Dkt. Entry Nos. 132 and 151. It is anticipated that there will be additional filings relating to restitution, and that the Court will hold a hearing regarding restitution and thereafter issue a final restitution order.

8. To ensure that Mr. Lindberg remains available to assist his counsel and the Special Master in the restitution process, counsel for Mr. Lindberg requested at the sentencing hearing that

2

the Court recommend to the Bureau of Prisons that Mr. Lindberg be allowed to remain at the Pike County Detention Center while the restitution process is ongoing. *See* Sentencing Transcript at 70 (Case No. 3:23-cr-48, Dkt. Entry No. 164; Case No. 5:19-cr-22, Dkt. Entry No. 515). The Court agreed with this request and specifically stated:

> For such time as he continues to work with the Special Master and continues to successfully locate and get back some of this money to these folks, then, yes, I think he should be housed at the Pike County facility. Once again, Bureau of Prisons decides designation, but they do listen to the Court's recommendations in most cases. So hopefully in this case, where there's a huge reason for that, that they will listen to the Court.

*Id.* at 74.

9. Following the sentencing hearing, Mr. Lindberg was transferred to the Grayson County Detention Center in Leitchfield, Kentucky. Counsel for Mr. Lindberg has inquired with the U.S. Marshals Service regarding whether Mr. Lindberg will be transferred to the Pike County Detention Center. The U.S. Marshal's Service has advised that Mr. Lindberg will not be returned to the Pike County Detention Center if BOP designates him to a facility and assigns him a report date. It is counsel's understanding that BOP will likely designate and transfer Mr. Lindberg to a federal prison in the near future. Moreover, at the Grayson County Detention Center, Mr. Lindberg's ability to communicate with his counsel on a daily basis is restricted as Mr. Lindberg has no access to a computer and no access to a phone.

10. In order to have Mr. Lindberg available to counsel to assist in the restitution process, Mr. Lindberg respectfully requests that the Court enter an Order delaying his federal prison reporting date for 90 days. Mr. Lindberg also requests that the Court ask the U.S. Marshals Service to transfer Mr. Lindberg to the Pike County Detention Center during this period so that he can continue to communicate with his counsel in connection with the restitution process.

3

11. Counsel for Mr. Lindberg has communicated with the United States concerning the filing of this Motion. Assistant United States Attorney Daniel Ryan has advised that the United States does not object to the granting of this Motion.

12. A proposed Order is being filed contemporaneously with this Motion.

This the 4th day of June, 2026.

Respectfully submitted,

/s/ James F. Wyatt, III
James F. Wyatt, III
  (NC State Bar No. 13766)
Robert A. Blake, Jr.
  (NC State Bar No. 20858)
WYATT & BLAKE, LLP
402 W. Trade Street, Suite 101
Charlotte, NC 28202
704-331-0767
jwyatt@wyattlaw.net
rblake@wyattlaw.net

Robert T. Smith (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
202-625-3500
robert.smith1@katten.com

Brandon N. McCarthy (*pro hac vice*)
Rachel M. Riley (*pro hac vice*)
Ryan J. Meyer (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
2121 North Pearl Street, Suite 1100
Dallas, TX 75201-2591
214-765-3600
brandon.mccarthy@katten.com
rachel.riley@katten.com
ryan.meyer@katten.com

*Counsel for Greg E. Lindberg*

4

## <u>ARTIFICAL INTELLIGENCE CERTIFICATION</u>

Pursuant to the Court's June 18, 2024 Standing Order, which was published to the Bar of

the Western District of North Carolina on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 4th day of June, 2026.

/s/ James F. Wyatt, III
James F. Wyatt, III
 (NC State Bar No. 13766)
WYATT & BLAKE, LLP
402 W. Trade Street, Suite 101
Charlotte, NC 28202
704-331-0767
jwyatt@wyattlaw.net