IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**GREG E. LINDBERG,**

Defendant.

Case Number: 3:23-CR-48-MOC

**OBJECTION AND MOTION FOR RECONSIDERATION OF CELL 1.16'S REHABILITATOR TO THE PRELIMINARY ORDER OF RESTITUTION AND JUDGMENT**

The Commissioner of the Vermont Department of Financial Regulation, Kaj Samsom, solely in his capacity as Rehabilitator ("Rehabilitator") of Vista Life & Casualty Reinsurance Company's Protected Cell 1.16, n/k/a ViUS PC 2016-A IC, Inc. ("Cell 1.16"), respectfully objects to and moves that the Court reconsider the Preliminary Order of Restitution, Docket No. 161, and Judgment, Dkt. 162, insofar as these rulings adopt the Special Master's Report and Recommendation in not classifying Cell 1.16 as a victim entitled to restitution in the above-captioned lawsuit.

**Bottom Line Up Front – Cell 1.16 Is A Victim of Lindberg's Crimes[1]**

Cell 1.16 is a reinsurance entity (its sole reinsured was the United Security Assurance Company of Pennsylvania ("USAP")) whose assets were effectively

---

[1] Cell 1.16 has had several conversations with the Special Master and appreciates the Special Master's willingness to engage in meaningful discussions regarding restitution in this matter. After consultation with the Special Master, Cell 1.16 understands that the Special Master does not intend to deem Cell 1.16 a victim in this case absent an Order from the Court, but the Special Master does not oppose the Court's consideration of the evidence or argument submitted by Cell 1.16.

controlled by a Lindberg entity, New England Capital, LLC ("NEC"). Cell 1.16 relied on misrepresentations and fraudulent actions of Lindberg and his controlled entities—specifically inflated credit ratings documents and Lindberg's misrepresentations about his willingness and his ability to buy-back loans. Cell 1.16's obligations to USAP were secured by a reinsurance trust comprised of Cell 1.16 assets invested under the control of NEC. These assets were primarily loans in Lindberg entities—many of the same loans were also held by the North Carolina and Bermuda insurance companies and underlie those insurers' entitlement to restitution. Cell 1.16 is owed approximately $131.2 million in principal of defaulted Lindberg loans, and it is due restitution as a victim of Lindberg's crimes.

The Special Master's Report and Supplemental Report, Dkt. No. 106, and Supplement to the Report, Dkt. No. 146, which have now been adopted by the Court, do not designate Cell 1.16 as a victim. Those reports do not address the facts and arguments advanced by Cell 1.16 in Docket Nos. 113, 115, and 153. Cell 1.16 respectfully requests that the Court modify the current Judgment and Restitution Order such that Cell 1.16 be included as a victim and restitution recipient. To the extent the Court holds further hearings with regard to restitution, Cell 1.16 requests that it be provided an opportunity to be heard.

## Procedural History With Regard to Cell 1.16

After the Special Master filed his first report and recommendation, Dkt. 106, and the Appendix explaining that the Cell 1.16 "satisfy[ied] almost all of the elements" for qualification as a victim, but did not "point[ ] to specific instances where

2

Defendant misrepresented or concealed the nature of the Affiliate Investment," Dkt No. 106—3 at p. 23, Cell 1.16 filed the Declaration of Don Solow, Dkt. No. 113, and Response in Opposition to the Report and Recommendation of the Special Master, Dkt. No 115. The Solow Declaration, Dkt. No. 113, lays out the organization and formation of Cell 1.16 and the nature of the deception by Lindberg on which Cell 1.16 relied. The Opposition, Dkt. No 115, argued that these facts should qualify Cell 1.16 as a Victim under the definition of victim set forth by the Special Master in his Report and Recommendation. The Special Master's Supplement, Dkt. 146, did not specially address the facts in the Solow Declaration or the arguments in the Opposition and simply "st[ood] by the Report's exclusion of Cell 1.16 from classification of a person due restitution." Dkt. 146 at p. 9. Cell 1.16 then filed a Supplemental Response noting its ongoing opposition to its exclusion as a victim in this matter. Dkt No. 153.

Given (a) the bifurcation Order of the Court, Dkt. 108, anticipating the need for additional litigation regarding restitution matters; (b) conversations with the Special Master confirming his understanding that he will need to make supplemental findings and issue a supplemental report within the next 90 days; and (c) Lindberg's Motion to Delay Federal Prison Reporting Date, Dkt. No. 168 at ¶7, on the basis that "[i]t is anticipated that there will be additional filings relating to restitution, and that the Court will hold a hearing regarding restitution and thereafter issue a final restitution order," Cell 1.16 understands that there will be additional litigation of restitution issues, including the class of victims. Cell 1.16 submits this objection and Motion requesting that as part of its ongoing restitution analysis, the Court consider

the facts and arguments of Cell 1.16, set forth in its previous filings (Dkt. Nos. 113, 115 and 153) and summarized briefly below, and find that Cell 1.16 is a victim entitled to restitution.

**ARGUMENT[2]**

Cell 1.16 agrees with the Special Master's definition of victim, set forth in his report and the fact that Cell 1.16 meets elements 1-3 and 5:

1. an insurance company,
2. the assets of which Defendant or Defendant's agents had some power to invest or otherwise control, directly or indirectly,
3. which assets were in fact diverted to a Defendant-affiliated entity,
4. to whom, or to whose regulators, Defendant or Defendant's agents made material misrepresentations or omissions concerning those affiliated investments or asset management strategies, and
5. which diverted assets actually lost value as a proximate result of Defendant's activities.

The sole element about which Cell 1.16 and the Special Master disagree is the fourth element—the Special Master asserts that Cell 1.16 did not point out "specific instances where Defendant misrepresented or concealed the nature of the Affiliate Investments," and therefore concluded Cell 1.16 did not qualify as a victim.

To the extent the misrepresentations or concealment on which Cell 1.16 relied were not part of the record prior to the Special Master's report, such facts were set forth in the Declaration of Don Solow, Dkt. 113, which establishes among other things that:

a) Throughout the 2016-2018 period, Lindberg's agent NEC misrepresented the nature of the Affiliated Investments to Cell 1.16 by

---

[2] Cell 1.16's arguments are set forth in detail in Dkt. No. 115 and are summarized briefly herein.

providing Cell 1.16 with rating reports that contained inflated ratings. Examples of such ratings are attached to the Don Solow Declaration. Dkt. No. 113—4, 5, 6 and 7.

b) Defendant himself misrepresented his financial capacity to repurchase the Affiliated Investments at their presumed values in entering into a buy-back agreement (effectively a form of financial guarantee) with Cell 1.16. Dkt. No. 113, ¶ 26.

Cell 1.16 relied on these misrepresentations in its financial reporting, in its conclusion that the Lindberg loans complied with the governing investment guidelines, and in forming the belief that Lindberg was equipped to buy back loans, see Dkt. 113 at ¶¶ 21, 24, 26, resulting in its significant losses. Cell 1.16 has no insureds—the funds it seeks will be placed in a trust for the benefit of USAP, its only reinsured. Dkt. 113 at ¶ 31.

In addition to meeting the elements set forth by the Special Master, Cell 1.16 is similarly situated to other entities that have, at this point, been deemed victims entitled to restitution. With regard to PBLA/ULICO for example, assets in a reinsurance trust were fraudulently diverted to Lindberg's use by a Lindberg-controlled investment manager causing the reinsurance trust to invest in Lindberg entities based on misrepresentation-based credit ratings and in violation of guidelines. The Lindberg entities received the trust assets, and Lindberg refused to honor his personal guarantee of the Lindberg entities' obligations. The companies and their regulators were misled as to their assets and financial condition. As a result,

5

the reinsurer (PBLA) was placed in proceedings based on impaired financial condition, and its reinsured (ULICO) is left to suffer.

This aligns with the manner in which Lindberg defrauded Cell 1.16 and USAP and, like PBLA and ULICO, Cell 1.16 and USAP should receive restitution.

## CONCLUSION

For these reasons, the Court should modify its Judgment and Order with regard to restitution and find the Cell 1.16 is a victim entitled to restitution. To the extent the Court holds further hearings with regard to restitution, Cell 1.16 requests an opportunity to be heard.

This the 9th day of June 2026.

By: */s/ J. Walton Milam, III*
J. Walton Milam, III (N.C. Bar No. 57152)
ROSENWOOD, ROSE & LITWAK, PLLC
1712 Euclid Avenue
Charlotte, NC 28203
Phone: 704-228-8578
Fax: 704-371-6400
wmilam@rosenwoodrose.com
*Attorneys for Vista Life & Casualty Reinsurance Company's Protected Cell 1.16 n/k/a ViUS PC 2016-A IC, Inc.*

## CERTIFICATE OF ARTIFICIAL INTELLIGENCE

The undersigned hereby certifies that pursuant to the Standing Order filed on 18 June 2024, that no artificial intelligence was employed in doing the research for the preparation of this document. The undersigned also hereby certifies that every statement and every citation to an authority contained in this document has been checked by an attorney.

This the 9th day of June, 2026.

By: */s/ J. Walton Milam, III*
J. Walton Milam, III

6

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing Notice of Appearance and Request for Notice were served on those parties requesting notice in this case, via ECF and/or email.

This the 9th day of June, 2026.

By: /s/ J. Walton Milam, III
J. Walton Milam, III

ROSENWOOD, ROSE & LITWAK, PLLC
1712 Euclid Avenue
Charlotte, NC 28203