**EXHIBIT W**

# Consent, Waiver, and Acknowledgement

This Consent, Waiver, and Acknowledgement (this "**Waiver**") is made and entered into on May 15, 2026 (the "**Effective Date**"), by and between **GREG E. LINDBERG** ("**Lindberg**") and **JOSEPH W. GRIER, III**, solely in his capacity as special master appointed by the United States District Court for the Western District of North Carolina in *United States of America v. Greg E. Lindberg*, case 3-23-cr-48-MOC (the "**Special Master**").

**WHEREAS**, the Special Master was appointed by the United States District Court for the Western District of North Carolina (the "**Court**") in the *United States of America v. Lindberg*, case number 3-23-cr-48-MOC (the "**Case**"), pursuant to that certain Order Appointing Special Master dated January 23, 2025 (the "**Order**");

**WHEREAS**, pursuant to the Order, Lindberg and/or certain of his affiliates transferred the equity interests in certain business entities to the Special Master, as set forth in the Order attached (the "**Primary Restitution Assets**");

**WHEREAS**, pursuant to the Order, the Special Master has full discretion to liquidate the Primary Restitution Assets, including determination of the timing of sale(s) and the price at which Primary Restitution Assets are sold, subject to only the approval of the Court;

**WHEREAS**, pursuant to the Order, Lindberg is required to cooperate with the Special Master and take all necessary steps identified by the Special Master to assist in carrying out his duties under the Order;

**WHEREAS**, the Special Master has determined based upon input from advisors and stakeholders that the execution of this Waiver by Lindberg would enhance value and help streamline the sale of Primary Restitution Assets by providing comfort and assurance that the sale or liquidation of Primary Restitution Assets can be accomplished expeditiously, and that lack of this Waiver will impair the value of the Primary Restitution Assets;

**WHEREAS**, the Special Master deems the cooperation of Lindberg in the execution of this Waiver by Lindberg to be necessary to assist the Special Master in carrying out his duties under the Order and to maximize the proceeds available to pay restitution to the victims as contemplated by the Order.

NOW, THEREFORE, for and in consideration of the premises set forth above, the undertakings set forth below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto acknowledge and agree, intending to bind themselves, as follows:

1.	The Special Master has the exclusive right to sell and liquidate the Primary Restitution Assets, at the times, manner, and pricing determined by the Special Master with Court approval, in order to receive and distribute proceeds to the victims in accordance with the Order.

2.	Lindberg consents to the decisions of the Special Master as to the timing, manner and pricing of the sale of the Primary Restitution Assets once approved by the Court, and, except

as set forth in Section 3 below, waives and right to object to any sale, the manner of the sale, the timing of the sale, and the price at which the Primary Restitution Assets are sold. Lindberg further covenants not to sue in any court for any reason in connection with the sale(s) of Primary Restitution Assets once approved by the Court.

3. Lindberg's sole and exclusive venue to challenge, dispute, or seek relief with respect to any sale, liquidation, or other disposition of any of the Primary Restitution Assets for which the Special Master seeks Court approval is to file a timely objection solely in the proceeding with the Court in which the Special Master seeks Court approval of such sale, liquidation, or other disposition (the "**Approval Proceeding**"). Other than in connection with the Approval Proceeding, Lindberg hereby waives and covenants not to, either on his own account or through any affiliate or third party, assert, commence, bring, file or participate in any suit, charge, complaint, or other form of action against the Special Master, the Primary Restitution Asset, any proposed purchaser or their respective directors, trustees, managers, officers, agents, employees, subsidiaries, affiliates, insurers, successors, or assigns, relating in any way whatsoever to the sale or liquidation of such Primary Restitution Asset approved by the Court, including without limitation any action that could restrain, delay, impede, or otherwise affect any sale, liquidation or other disposition of such Primary Restitution Assets.

4. The consent, waivers, release, and covenants in this Waiver are for the benefit of the Special Master, each Primary Restitution Asset, each victim entitled to restitution, any actual or prospective purchaser or bidder, any financing source, and each of their respective directors, trustees, managers, officers, agents, employees, subsidiaries, affiliates, insurers, successors, and assigns.

5. Lindberg acknowledges that a breach of this Waiver would cause irreparable harm, for which monetary damages would be inadequate. The Special Master, any Primary Restitution Asset, and any purchaser shall be entitled to specific performance to enforce this Waiver without the requirement to post bond or other security.

6. Nothing contained in this Waiver will be deemed or construed to modify, waive, impair, or affect the Order.

7. This Waiver is governed by the laws of the state of North Carolina, without regard to North Carolina's conflict or choice of law principles. Each of the parties expressly irrevocably and unconditionally submits to and accepts the exclusive jurisdiction of the Court in the Case and appellate courts from any thereof for any action, suit, or proceeding arising out of or based upon this Waiver or any matter relating to this Waiver, and waives any objection the party may have to the laying of venue in any such court or that such court is an inconvenient forum or does not have personal jurisdiction over the party.

8. This Waiver may be executed in one or more counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument. Transmission by facsimile or other form of electronic transmission of an executed counterpart of this Waiver will be deemed to constitute due and sufficient delivery of such counterpart. This Waiver, including all agreements referenced in this Waiver, constitutes the sole and entire agreement of the parties with respect to the subject matter contained herein. This Waiver may not

be amended or modified except in writing by all of the parties hereto and no condition herein (express or implied) may be waived except in writing by the party whom the condition was meant to benefit.

IN WITNESS WHEREOF, I have executed and delivered this Waiver as of the date first written above.

_____
Greg E. Lindberg

_____
JOSEPH W. GRIER, III, solely in his capacity as special master