**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>GREG E. LINDBERG,<br><br>      Defendant. | No. 5:19-cr-22-MOC<br><br>No. 3:23-cr-00048-MOC |

**[PROPOSED] ORDER GRANTING DEFENDANT'S EMERGENCY MOTION TO STAY ALL ASSET SALES AND ASSET-SALE PROCESSES AND SUSTAINING DEFENDANT'S CONSOLIDATED OBJECTIONS**

THIS MATTER is before the Court on Defendant's Emergency Motion to Stay All Asset Sales and Asset-Sale Processes Pending Entry of a Final Restitution Order and De Novo Article III Determination, and Consolidated Objections. For good cause shown, the Motion is GRANTED.

IT IS THEREFORE ORDERED that:

1.     All sales and dispositions of assets, and all asset-sale processes—including marketing, solicitation of bids, negotiation of letters of intent or purchase agreements, and closings—conducted by or at the direction of the Special Master or any person acting in concert with him are STAYED pending entry of a final order of restitution following this Court's de novo determination of all disputed restitution issues pursuant to 18 U.S.C. § 3664(d)(6) and (e).

2.     No asset shall be marketed, contracted, or sold absent a specific prior order of this Court entered on motion, with notice and an opportunity to be heard, and supported by this Court's own findings under 18 U.S.C. § 3664(e).

3.     The Special Master's Statement Concerning Defendant's Cooperation (Doc. No. 159) is STRICKEN [or, in the alternative, shall be accorded no weight in any further proceeding in this case].

4.     The Special Master is DISQUALIFIED from any recommending or adjudicative function concerning the determination of restitution; such functions shall be performed by a neutral successor appointed under 18 U.S.C. § 3664(d)(6) or by the Court.

5.     Within fourteen (14) days of this Order, the Special Master shall file a complete accounting of all completed, pending, and contemplated asset dispositions, including the Becket and Clanwilliam transactions, identifying the authority claimed for each and the application of all proceeds therefrom, including the proceeds of the Becket sale and of any disposition not yet of record.

6.     Within fourteen (14) days of this Order, there shall be filed with the Court a full and itemized accounting of administrative fees and expenses, identifying each person and firm that has received or accrued fees or expenses from administered assets or sale proceeds—including the Special Master, his counsel, his financial advisors, and any other professional or party—together with the amount received or accrued by each, the dates and sources of each payment, and the order of this Court authorizing each payment.

7.     The de minimis companies identified in the Clanwilliam sale order shall be transferred to the Defendant's full control and ownership with immediate effect.

8.     Each objection set forth in the Motion and in Defendant's attached Statement of Facts is deemed timely asserted within the objection period for the Preliminary Order of Restitution [Doc. 161] and is preserved for the record and for appellate review.

SO ORDERED.

_____
MAX O. COGBURN, JR.
UNITED STATES DISTRICT JUDGE