**No. 26-1749**

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

IN RE ELEONORA L. ZETTELER, LLM AND J. ROBERT VAN
FAASSEN, LLM, IN THEIR CAPACITIES AS INSOLVENCY
PRACTITIONERS IN THE INSOLVENCY OF NEDERLANDSCHE
ALGEMEENE MAATSCHAPPIJ VAN LEVENSVERZEKERING
"CONSERVATRIX" N.V.,

*Petitioners.*

On Petition for a Writ of Mandamus to the United States District Court
for the Western District of North Carolina, Charlotte Division
In Case No. 3:23-CR-48, Max O. Cogburn, Jr., U.S. District Judge

**RESPONSE OF GREG E. LINDBERG IN OPPOSITION TO
PETITION FOR WRIT OF MANDAMUS UNDER
18 U.S.C. § 3771**

Greg E. Lindberg
PO Box 159
Thonotosassa, FL 33592
919-308-9686 · gelindberg@gmail.com

*Respondent Pro Se*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ..............................................................................i

TABLE OF AUTHORITIES.....................................................................i

INTRODUCTION......................................................................................1

BACKGROUND ........................................................................................3

   I.  The Restitution Proceedings Below ............................................3

   II. Conservatrix's Parallel Recovery of the Same Claimed Losses......5

ARGUMENT ..............................................................................................7

   I.  Standard of Review ......................................................................7

   II. The Petition Fails at the Threshold: The District Court Has Not Denied a Motion Asserting a CVRA Right.............................................7

   III. The Petition Cannot, as a Matter of Law, Be Decided in Petitioners' Favor at This Time, and Deciding It Now Would Seriously Prejudice Respondent's Rights in a Criminal Proceeding. ..................9

       A.  The Same Restitution Issues Are in Active Litigation Below and on Appeal. ..........................................................................9

       B.  The Relief Demanded Is Unavailable as a Matter of Law While Those Proceedings Are Pending. ...................................10

       C.  A Seventy-Two-Hour Adjudication Would Seriously Prejudice Respondent's Rights in a Criminal Proceeding. .......................12

   IV. The District Court Did Not Err, Because Conservatrix Is Not a Victim of the Offenses of Conviction. ...............................................13

       A.  The Legal Framework.........................................................13

       B.  Petitioners' Own Narrative Describes a Contract Claim, Not Harm From the Offenses of Conviction...................................15

       C.  Generalized References in the Factual Basis Cannot Supply What the Petition Lacks.........................................................17

V. The Award Petitioners Demand Would Effect a Double Recovery the Restitution Statutes Forbid. ........................................................ 19

VI. The Relief Requested Exceeds Anything the CVRA or Mandamus Authorizes. ........................................................................................ 20

CONCLUSION ............................................................................................ 21

CERTIFICATE OF COMPLIANCE ......................................................... 22

CERTIFICATE OF SERVICE .................................................................. 23

**TABLE OF AUTHORITIES**

*Cases*

*Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) ........................................ 10

*Ellingburg v. United States*, 607 U.S. 163 (2026) .................................. 12

*Gardner v. Florida*, 430 U.S. 349 (1977) ................................................ 12

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) ........... 10

*Hughey v. United States*, 495 U.S. 411 (1990) ................................. 13, 17

*In re Ball*, No. 25-1264 (4th Cir. Mar. 22, 2025) (per curiam) (unpublished) .............................................................................. 8, 14, 16

*In re Brown*, 932 F.3d 162 (4th Cir. 2019) ........................................ 7, 20

*In re McNulty*, 597 F.3d 344 (6th Cir. 2010) ......................................... 14

*Lagos v. United States*, 584 U.S. 577 (2018) ......................................... 14

*Paroline v. United States*, 572 U.S. 434 (2014) ................................ 14, 16

*United States v. Diaz*, 865 F.3d 168 (4th Cir. 2017) ................................ 7

*United States v. Henoud*, 81 F.3d 484 (4th Cir. 1996) ........................... 14

*United States v. Karam*, 201 F.3d 320 (4th Cir. 2000) ..................... 14, 19

*United States v. Leftwich*, 628 F.3d 665 (4th Cir. 2010) ......................... 7

*Van Andel v. Lindberg*, 732 F. Supp. 3d 476 (M.D.N.C. 2024) ............... 6

*Van Andel v. Lindberg*, No. 1:23-CV-879, 2024 WL 3718168 (M.D.N.C. Aug. 8, 2024) ..................................................................................... 6

*Statutes*

18 U.S.C. § 3663A .......................................................................... passim

18 U.S.C. § 3664 ............................................................................ passim

18 U.S.C. § 3771 ............................................................................ passim

# INTRODUCTION

Petitioners are the insolvency practitioners of Nederlandsche Algemeene Maatschappij van Levensverzekering "Conservatrix" N.V. ("Conservatrix"), a Dutch life insurer in bankruptcy. They ask this Court to do on mandamus, within seventy-two hours, what no court has done in fifteen months of structured restitution proceedings: declare Conservatrix a "victim" under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, vacate the district court's Preliminary Order of Restitution and the criminal Judgment, and direct the entry of a restitution award of €215,356,806 in Conservatrix's favor—without findings by any factfinder, anywhere, that the offenses of conviction caused Conservatrix's claimed losses.

The Petition should be denied for four independent reasons. *First*, it fails at the statutory threshold: mandamus under 18 U.S.C. § 3771(d)(3) reviews a district court's denial of a motion asserting a victim's right, and the district court has denied no such motion. *Second*, the Petition cannot, as a matter of law, be decided in Petitioners' favor at this time: the very restitution questions it presents—who is due restitution from Respondent and in what amounts—are being actively litigated by

Respondent through pending motions in the district court and docketed appeals in this Court; the relief demanded would intrude on this Court's own appellate jurisdiction over the Judgment; and a seventy-two-hour adjudication of a €215 million addition to a criminal punishment would seriously prejudice Respondent's rights in a criminal proceeding. *Third*, on the Petition's own allegations, Conservatrix is not a victim of the offenses of conviction: its claimed loss arises from the alleged breach of a 2017 contractual capital-maintenance commitment—a claim Conservatrix has already arbitrated to a provisional award it is separately enforcing—triggered, by Petitioners' own telling, by intervening market and regulatory events. *Fourth*, the award Petitioners demand would effect the double recovery the restitution statutes forbid.

Respondent Greg E. Lindberg has his own objections to the Preliminary Order of Restitution and to the process that produced it; those objections are preserved and are the subject of separate proceedings in the district court and on appeal, and nothing in this Response waives or limits them.[1]

---

[1]Respondent timely objected to the Special Master's Report and to the Preliminary Order of Restitution and has noticed appeals from the Judgment, including as to restitution. Among those preserved objections

2

The Court need not resolve any of Respondent's objections to deny this Petition. Whatever else may be said of the Preliminary Order, in this limited context with respect to Conservatrix it was not error—much less an abuse of discretion—for the district court to decline to add a €215 million award in favor of a foreign insolvency estate whose claimed injury arises from a breached solvency covenant rather than from the offenses of conviction.

**BACKGROUND**

**I.     The Restitution Proceedings Below**

Following Respondent's November 2024 plea in the "Financial" case and the consolidation of his two criminal cases for sentencing, the district court appointed a Special Master to "identify, receive, apportion, and distribute funds for restitution, and perform any other related tasks as ordered by the Court." Pet. 4 (quoting App. 79 ¶ 2). Over the following fifteen months, the Special Master—assisted by a financial advisor and counsel—evaluated whether alleged institutional victims should receive

---

is that documented credits and offsets extinguish any net restitution obligation. Those issues are not before the Court on this Petition, and Respondent reserves them in full.

restitution. Pet. 4. Conservatrix participated fully in that process: its counsel had "multiple calls" with the Special Master's financial advisor, "numerous calls" with the Special Master's counsel, and submitted written materials, including a letter advocating Conservatrix's victim status under the MVRA. Pet. 4–5.

On April 3, 2026, the Special Master filed his Report and Recommendations Regarding Restitution, which proposed criteria for identifying persons due restitution and concluded that Conservatrix did not meet them. Pet. 5. The Report sought a preliminary order and stated that the Special Master would "file a subsequent report, motion, or other pleading seeking to resolve various outstanding payment and priority issues." Pet. 5 (quoting App. 89 n.2). Conservatrix filed objections on May 4, 2026. Pet. 6. On May 15, 2026, the Special Master filed a Supplement that considered the responses received and reaffirmed that "[t]he Special Master stands by the Report's exclusion of Conservatrix from classification as a person due restitution." Pet. 6 (quoting App. 220).

The district court held the sentencing hearing on May 26, 2026, entered the Preliminary Order of Restitution on May 28, 2026, and entered Judgment the following day. Pet. 6–7. The Preliminary Order

requires Respondent to pay $1,655,000,000 to identified victims; it does not include Conservatrix. Pet. 7.[2]

## II. Conservatrix's Parallel Recovery of the Same Claimed Losses

By Petitioners' own account, Conservatrix's claimed losses arise from the alleged non-performance of a 2017 contractual "Commitment" to recapitalize Conservatrix and maintain a minimum solvency capital ratio ("SCR") of 135%. Pet. 2, 14–18. Petitioners allege that, under Dutch law, that Commitment "was converted, by law, to an obligation to pay damages on December 8, 2020," the date of Conservatrix's bankruptcy, and they quantify those contract damages—via "an actuarial calculation" of the SCR shortfall—at €215,356,806. Pet. 18.

Conservatrix has already pursued recovery on that same theory elsewhere. As the Petition acknowledges, a provisional Dutch arbitral

---

[2]Petitioners assert that the sequencing of the sentencing hearing and the Preliminary Order departed from the district court's April 7, 2026 bifurcation order. Pet. 6. Respondent has raised his own objections to the restitution process in the district court and on appeal; those objections are Respondent's to press in those proceedings, and Petitioners' sequencing complaint does not bear on—much less establish—Conservatrix's victim status under the MVRA.

award against Respondent arising from the same alleged conduct—an award rendered in summary arbitral proceedings, while "[t]he proceedings on the merits have not advanced," and one Respondent maintains is provisional and subject to de novo review—was confirmed by the United States District Court for the Middle District of North Carolina in the amount of $166,797,838, and that confirmation judgment is now on appeal in this Court. Pet. 15 n.5 (citing *Van Andel v. Lindberg*, No. 1:23-CV-879, 2024 WL 3718168 (M.D.N.C. Aug. 8, 2024), *appeal docketed*, No. 24-1898 (4th Cir. Sept. 18, 2024); *Van Andel v. Lindberg*, 732 F. Supp. 3d 476 (M.D.N.C. 2024)).[3]

---

[3]Respondent disputes both the provisional arbitral award and its confirmation; the confirmation judgment is the subject of a pending appeal in this Court, *Van Andel v. Lindberg*, No. 24-1898 (4th Cir. docketed Sept. 18, 2024). The award issued in summary arbitral proceedings; as the confirming court itself recounted, Respondent contended the award was "a provisional award without precedential value and subject to review de novo," and "[t]he proceedings on the merits have not advanced." *Van Andel*, 2024 WL 3718168, at *1–2. Nothing in this Response concedes the validity or enforceability of that award, which is cited solely because Petitioners themselves rely on it. Pet. 15 n.5.

6

## ARGUMENT

### I. Standard of Review

In deciding a petition for a writ of mandamus under the Crime Victims' Rights Act ("CVRA"), this Court "shall apply ordinary standards of appellate review." 18 U.S.C. § 3771(d)(3); *see In re Brown*, 932 F.3d 162, 172 (4th Cir. 2019) (reviewing for abuse of discretion). A district court's restitution determinations are reviewed for abuse of discretion, *United States v. Leftwich*, 628 F.3d 665, 667 (4th Cir. 2010), with legal questions reviewed de novo, *United States v. Diaz*, 865 F.3d 168, 173 (4th Cir. 2017). Under any standard, the Petition fails.

### II. The Petition Fails at the Threshold: The District Court Has Not Denied a Motion Asserting a CVRA Right.

The CVRA prescribes a sequence. A victim's rights "shall be asserted in the district court in which a defendant is being prosecuted for the crime." 18 U.S.C. § 3771(d)(3). "The district court shall take up and decide any motion asserting a victim's right forthwith," and only "[i]f the district court denies the relief sought" may "the movant . . . petition the court of appeals for a writ of mandamus." *Id.* Section 3771(d)(3)

7

mandamus is appellate review of a district court's denial; it is not a device for leapfrogging the assertion and adjudication of rights in the district court.

Petitioners never presented the district court with a motion asserting a CVRA right, and the district court has entered no order denying one. What the Petition describes instead is participation in the Special Master's administrative process: calls and submissions to the Special Master's financial advisor and counsel, a letter advocating victim status, and an objection to the Special Master's Report filed within the Report-and-objection framework. Pet. 4–6. There is, accordingly, no district court decision denying Conservatrix relief to which "ordinary standards of appellate review" can attach.

Even on the most charitable reading—treating Conservatrix's objection to the Report as the functional equivalent of a CVRA motion, *cf. In re Ball*, No. 25-1264, slip op. at 5 n.* (4th Cir. Mar. 22, 2025) (per curiam) (unpublished)—the statutory premise is still missing: the district court has never ruled on that objection, and non-inclusion in an order is not an order denying a motion. Section 3771(d)(3) requires an adjudicated denial of "the relief sought"; Petitioners identify none.

**III. The Petition Cannot, as a Matter of Law, Be Decided in Petitioners' Favor at This Time, and Deciding It Now Would Seriously Prejudice Respondent's Rights in a Criminal Proceeding.**

**A.     The Same Restitution Issues Are in Active Litigation Below and on Appeal.**

On June 11, 2026—the same day the Petition was filed—Respondent filed in the district court an Emergency Motion to Stay All Asset Sales and Asset-Sale Processes Pending Entry of a Final Restitution Order and De Novo Article III Determination, together with Consolidated Objections to the Preliminary Order of Restitution (Doc. 161), to the scope of the Special Master reference, and to the Special Master's Statement Concerning Defendant's Cooperation (Doc. 159). Those filings—made within the time allowed for objections to the Preliminary Order of Restitution—dispute, among other things: the victim determinations underlying the order; the $1,655,000,000 figure; the omission of mandatory reductions under 18 U.S.C. § 3664(j)(2) and of documented credits and offsets that, on Respondent's submissions, total approximately $2.9 billion and extinguish any net restitution obligation;

9

and the requirement that every disputed restitution issue be determined de novo by the district court itself under 18 U.S.C. § 3664(e). Respondent has also noticed appeals from the Judgment. The very questions the Petition asks this Court to resolve in seventy-two hours—who is due restitution from Respondent, in what amounts, and on what causal findings—are thus squarely presented, by a party with constitutional and statutory rights at stake, in pending proceedings in two courts.

## B. The Relief Demanded Is Unavailable as a Matter of Law While Those Proceedings Are Pending.

*First*, the writ would direct the district court to vacate and rewrite the restitution component of a criminal Judgment from which appeals have been noticed. But "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740–41 (2023) (reaffirming and applying *Griggs*). A writ commanding the district court to act upon aspects of the case that now belong to this Court's appellate jurisdiction—and that will be addressed through

10

plenary review on full records—is not relief available as a matter of law, and granting it would invite piecemeal, potentially inconsistent adjudications of the same Judgment by different panels of this Court.[4]

*Second*, Congress prescribed how disputed restitution questions are to be decided: "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence," and "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government." 18 U.S.C. § 3664(e). The Petition asks this Court to displace that mandated procedure in its entirety—no proof by the Government, no district court findings, no opportunity for Respondent to contest causation or amount—and to decree a €215,356,806 award by appellate fiat. Section 3771(d)(3) gives victims an expedited avenue to enforce rights already adjudicated below; it does not repeal § 3664(e) or

---

[4]Respondent does not concede—and expressly disputes in his pending motions and appeals—any characterization of the Preliminary Order of Restitution or of the restitution component of the Judgment as interlocutory, non-final, or otherwise unreviewable. The character and effect of those orders are themselves contested questions reserved to those proceedings, and the Petition fails under any characterization: if the restitution determination is final, it is encompassed within the noticed appeals and *Griggs* controls; if it is not, then there is no denial of relief to review under 18 U.S.C. § 3771(d)(3).

authorize a court of appeals to perform, in seventy-two hours, the adjudication Congress assigned to the sentencing court. The CVRA itself underscores the point: a victim may move to re-open a sentence only on narrow, conjunctive conditions, *see* 18 U.S.C. § 3771(d)(5), none of which the Petition addresses, let alone satisfies.

## C. A Seventy-Two-Hour Adjudication Would Seriously Prejudice Respondent's Rights in a Criminal Proceeding.

Restitution under the MVRA "is plainly criminal punishment." *Ellingburg v. United States*, 607 U.S. 163, 166 (2026). The Petition therefore seeks a more-than-$230-million increase in a criminal punishment—through a collateral proceeding in which the defendant was afforded a single day to respond, in which no evidentiary process exists, and in which no court has made findings on causation, loss, or the mandatory reductions of § 3664(j)(2). And "the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause." *Gardner v. Florida*, 430 U.S. 349, 358 (1977). Imposing or enlarging criminal punishment on this timetable and this record cannot be reconciled with those guarantees, and it would predetermine—against a criminal defendant, without process—the very causation and quantum

12

questions Respondent is litigating through his pending motions and docketed appeals. The CVRA's seventy-two-hour clock is workable precisely because § 3771(d)(3) review addresses discrete, already-adjudicated denials of victims' rights; it is not, and as applied to a criminal defendant could not be, a mechanism for the first-instance imposition of nine-figure criminal punishment. For these reasons alone, and without reaching any other question, the Petition should be rejected.

## IV. The District Court Did Not Err, Because Conservatrix Is Not a Victim of the Offenses of Conviction.

### A. The Legal Framework

Restitution is a creature of statute, and the Supreme Court has repeatedly required fidelity to the statutes' limits. Under the predecessor Victim and Witness Protection Act, restitution was authorized "only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Hughey v. United States*, 495 U.S. 411, 413 (1990). Congress responded by enlarging the victim definition for scheme offenses—but the amendment did not abandon the offense-of-conviction anchor; it relocated it. The MVRA defines a "victim" as:

> a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S.C. § 3663A(a)(2). Two textual limits thus persist in the very clause Congress substituted for *Hughey*'s rule: the claimant must be harmed by "criminal conduct"—not by contractual non-performance or market events contemporaneous with a scheme—and that conduct must occur "in the course of the scheme" that is an element of the offense of conviction. For scheme-based offenses, this Court asks whether the claimed loss "is a direct result of the defendant's criminal conduct" or is "closely related to the scheme." *United States v. Karam*, 201 F.3d 320, 326 (4th Cir. 2000) (quoting *United States v. Henoud*, 81 F.3d 484, 488 (4th Cir. 1996)). "Direct" harm requires that the injury be "closely related to the conduct inherent to the offense, rather than merely tangentially linked." *In re Ball*, slip op. at 6 (quoting *In re McNulty*, 597 F.3d 344, 352 (6th Cir. 2010)) (denying CVRA mandamus where the claimed harm was "too attenuated" from the offense conduct).

14

The Supreme Court has cautioned against expansive constructions of these provisions. *See Lagos v. United States*, 584 U.S. 577 (2018) (adopting the narrower of two available readings of § 3663A(b)(4) and rejecting restitution for losses the statute does not clearly reach); *Paroline v. United States*, 572 U.S. 434, 444–48 (2014) (restitution statutes' victim definitions incorporate a proximate-cause limitation that excludes harms with only an attenuated connection to the offense).

## B.    Petitioners' Own Narrative Describes a Contract Claim, Not Harm From the Offenses of Conviction.

Every link in the causal chain Petitioners themselves allege sounds in contract and foreign insolvency law, not in the offense conduct to which Respondent pleaded. The Petition alleges that: (1) in 2017, in connection with the purchase of Conservatrix's shares, Respondent contractually committed to recapitalize Conservatrix and maintain a 135% SCR ("the Commitment"), Pet. 2, 14; (2) in 2019, "a downgrade in CBL's credit rating (following the appointment of a rehabilitator) and a change in interest rates caused Conservatrix's SCR ratio to fall significantly below the agreed minimum—triggering the Commitment," Pet. 15–16; (3) the Commitment was not performed despite demands, Pet. 16; and (4) upon

Conservatrix's December 8, 2020 bankruptcy, Dutch law "converted" the Commitment "to an obligation to pay damages," quantified by "an actuarial calculation" of the SCR shortfall at €215,356,806, Pet. 18.

That is the anatomy of a breach-of-guarantee claim—one Conservatrix has in fact already litigated to a provisional arbitral award. It is not an allegation that "the defendant's criminal conduct in the course of the scheme," 18 U.S.C. § 3663A(a)(2), directly and proximately caused Conservatrix's losses. Indeed, the intervening causes appear on the face of the Petition: a credit-rating action, a "change in interest rates," the supervisory decisions of a foreign regulator (De Nederlandsche Bank), the approval of a foreign court (the Amsterdam District Court), and the operation of Dutch insolvency law. Pet. 15–18. A loss produced by that chain is, at most, "tangentially linked" to the offenses of conviction— precisely the showing this Court found insufficient in *In re Ball*, and the kind of attenuated connection *Paroline* and § 3663A(a)(2)'s proximate- cause requirement exclude.

## C. Generalized References in the Factual Basis Cannot Supply What the Petition Lacks.

To bridge the gap, the Petition leans almost entirely on two generalized phrases from the Factual Basis supporting the plea—that Respondent "engaged in circular, non-economic transactions among [his] web of entities using insurance company funds," and that the scheme caused "substantial financial hardship" to insurance companies and policyholders. Pet. 8–9 (quoting App. 76 ¶¶ 3, 5–6). But a generalized description of a scheme does not convert every counterparty, creditor, or guarantee beneficiary of the defendant—anywhere in the world—into an MVRA victim. *Hughey* forbade exactly that bootstrap under the predecessor statute, and the clause Congress substituted preserves the limit: the claimant must be "directly harmed by the defendant's criminal conduct in the course of the scheme." The Factual Basis nowhere identifies Conservatrix, the Commitment, or the Dutch regulatory proceedings, and the Petition identifies no count of conviction whose conduct encompasses them.

Nor was the question neglected below. The Special Master—after fifteen months of work, with Conservatrix's own submissions in hand—

recommended its exclusion, and reaffirmed that recommendation after considering Conservatrix's objection. Pet. 5–6. On that record, in this limited context with respect to Conservatrix, it was not an abuse of discretion, and certainly not clear legal error, for the district court to decline to add a €215 million award to the Preliminary Order.

The amount Petitioners demand underscores the problem. The figure of €215,356,806 is an actuarial computation of a solvency-capital shortfall under a contractual covenant as of a Dutch-law conversion date—not a finding of pecuniary loss proximately caused by offense conduct. And the Petition's own figures shift: €215,356,806 in Commitment damages; a "distinct" €99,566,697 in policyholder losses; an estimate that policyholder losses "exceed[] $240 million"; and a confirmed provisional arbitral award of $166,797,838. Pet. 16–20. Reconciling those figures—and the causation questions beneath them—is factfinding work that 18 U.S.C. § 3664(e) commits to the sentencing court, on the Government's proof and by a preponderance of the evidence—not work this Court can perform through a writ that must issue within seventy-two hours.

## V. The Award Petitioners Demand Would Effect a Double Recovery the Restitution Statutes Forbid.

The restitution statutes do not permit a claimant to recover the same loss twice. *See Karam*, 201 F.3d at 326–29 (recognizing that the restitution statutes foreclose double recovery); 18 U.S.C. § 3664(j)(2) (restitution must be reduced by amounts "later recovered as compensatory damages for the same loss" in federal or state civil proceedings). By the Petition's own account, Conservatrix's trustees hold a federal judgment confirming a Dutch arbitral award of $166,797,838 against Respondent for the same Commitment-based losses—a summary-proceedings award that Respondent maintains is provisional, and that the trustees are actively enforcing while defending its confirmation on appeal in this very Court. Pet. 15 n.5. The point holds under any characterization of that award: whether it is treated as final or as provisional, Conservatrix is pursuing the same claimed losses through multiple channels simultaneously.

The Petition nowhere accounts for that recovery. It does not explain how a restitution award of €215,356,806 layered on top of a provisional confirmed $166.8 million judgment for the same alleged breach would be

anything other than compensating the same claimed loss twice. That omission alone confirms that mandamus—a remedy for clear entitlement—is unavailable: the relationship between Conservatrix's civil recoveries and any conceivable restitution is an unresolved, fact-intensive offset question of precisely the kind that 18 U.S.C. §§ 3664(e) and (j)(2) commit to the sentencing court—and that Respondent's own pending objections place in active dispute.

## VI. The Relief Requested Exceeds Anything the CVRA or Mandamus Authorizes.

Even where this Court has granted CVRA mandamus, the remedy was a remand for the district court to perform its statutory task—not an appellate decree of a particular award. *See In re Brown*, 932 F.3d at 173–74 (granting the writ and remanding for the district court to explain its restitution analysis). Petitioners ask this Court to act as a first-instance factfinder: to resolve victim status, causation, foreign-law questions, and quantum (in euros), without any district court findings, while vacating a criminal Judgment. Neither § 3771(d)(3) nor traditional mandamus principles permits that course, and § 3771(d)(5) narrowly limits the re-opening of sentences that vacatur would entail.

If the Court were to conclude—contrary to the record—that any aspect of Conservatrix's claim warranted further attention, the most relief conceivably available would be a remand for consideration under the procedures Congress prescribed in 18 U.S.C. § 3664, subject to the jurisdictional consequences of the pending appeals—a forum in which Respondent's own objections, including that lawful credits and offsets extinguish any net restitution obligation, likewise await adjudication. A directed nine-figure award is not an available form of relief.

**CONCLUSION**

For these reasons, the Petition for a Writ of Mandamus should be denied.

This the 12th day of June, 2026.

Respectfully submitted,

/s/ Greg E. Lindberg
Greg E. Lindberg
PO Box 159
Thonotosassa, FL 33592
919-308-9686 · gelindberg@gmail.com

21

# CERTIFICATE OF COMPLIANCE

1.      This response complies with the type-volume limitation of Fed. R. App. P. 21(d)(1) because, excluding the portions exempted by Fed. R. App. P. 32(f), it contains 4,065 words.

2.      This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

/s/ Greg E. Lindberg
Greg E. Lindberg

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, with the advance permission of the Clerk's Office pursuant to Local Rule 25(b)(1), I caused the foregoing Response to be transmitted by email to the Clerk of Court for filing, and that on the same date I caused a true and correct copy to be served by email upon the following:

Jeffrey E. Oleynik · D.J. O'Brien III · Kate E. Giduz
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
joleynik@brookspierce.com;
dobrien@brookspierce.com;
kgiduz@brookspierce.com
*Counsel for Petitioners*

Daniel Ryan · Dana Washington · Benjamin Bain-Creed · Julia Park
U.S. Attorney's Office for the Western District of North Carolina
daniel.ryan@usdoj.gov;
dana.washington@usdoj.gov;
benjamin.bain-creed@usdoj.gov;
julia.park@usdoj.gov

Lyndie Freeman, U.S. Department of Justice —
lyndie.freeman@usdoj.gov
*Counsel for the United States*

Joseph W. Grier, III · Michael L. Martinez · Benjamin D. Rhodes
Grier Wright Martinez, PA
jgrier@grierlaw.com;
mmartinez@grierlaw.com;
brhodes@grierlaw.com
*Special Master and Counsel for the Special Master*

together with all other persons listed on Petitioners' certificate of service.

23

A copy was also filed on the docket of *United States v. Lindberg*, No. 3:23-CR-48 (W.D.N.C.).

/s/ Greg E. Lindberg
Greg E. Lindberg

24