# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Greg E. Lindberg, *et al.*,<br><br>*Defendants*. | No. 5:19-cr-22 |

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Greg E. Lindberg,<br><br>*Defendant*. | No. 3:23-cr-48 |

## [PROPOSED] ORDER

THIS MATTER is before the Court on Defendant's Emergency Motion to Enforce the Plea Agreement and the Order Appointing the Special Master, to Preserve His Due-Process and Counsel-Access Rights in the Pending Restitution Proceedings, and to Require That the Government Be Represented by Conflict-Free Counsel (the "Motion"), together with the supporting Declaration of Greg E. Lindberg.

The Court, having considered the Motion, the supporting declaration, the record, and the applicable law, and good cause appearing, FINDS and ORDERS as follows:

**FINDINGS**

The restitution phase of this case remains open, and the final restitution hearing has not been scheduled. Restitution under the Mandatory Victims Restitution Act is criminal punishment, and the proceedings that fix it are subject to the requirements of due process. Defendant's meaningful participation in those proceedings, including the litigation of offsets and credits,

Page <strong>1</strong> of <strong>3</strong>

requires reasonable daily access to counsel, to a computer, the internet, spreadsheet software, and to the relevant financial records.

**ORDER**

1.      Pending completion of the final restitution hearing in this case, Defendant shall not be designated or transferred to Bureau of Prisons custody; alternatively, Defendant shall be held only at a facility that affords him adequate daily access to a computer, the internet, spreadsheet software, his financial records, and reasonable daily access to his counsel.

2.      Defendant is entitled to reasonable daily access to counsel and to computer, the internet, and spreadsheet resources sufficient to prepare and present his submissions concerning restitution, offsets, and credits, and the access-related provisions of the plea agreement and the Order appointing the Special Master shall be honored accordingly.

3.      The practice of transferring Defendant to facilities at which he lacks computer or internet access necessary to defend his restitution offsets shall be discontinued immediately.

4.      No further sale or liquidation of Defendant's assets shall occur prior to the Court's final restitution determination, so that the offsets and credits at issue may be adjudicated before any further disposition of assets. The access referenced in this Order rests on Defendant's constitutional rights to counsel, to due process, and to access the courts, and is not contingent on Defendant's cooperation with any asset-sale or liquidation process prior to final restitution determination. Counsel for the United States, including the Assistant United States Attorney, shall not use Defendant's access to counsel, computers, the internet, or records, or his reporting date or place of confinement, as a lever to obtain Defendant's cooperation or to discourage Defendant from exercising those rights.

5. The prosecutors who engaged in the conduct described in the Motion, including Assistant United States Attorney Daniel Ryan and Trial Attorney Lyndie Freeman, shall be replaced with conflict-free counsel for the United States who were not personally involved in, and are not witnesses to, that conduct.

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
**MAX O. COGBURN, JR.**
UNITED STATES DISTRICT JUDGE