**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case No. 3:23-CR-48-MOC |

**SPECIAL MASTER'S RESPONSE TO DEFENDANT'S SUPPLEMENTATION TO VARIOUS MOTIONS AND OTHER REQUESTS FOR RELIEF**

NOW COMES Joseph W. Grier, III, the Court-appointed special master (the "Special Master") in the above-captioned proceeding (this "Case"), through counsel, who hereby presents this response to various "supplement[al]" material filed by Defendant allegedly relevant to certain outstanding motions and other requests for relief by Defendant[1] and respectfully represents as follows:

The Special Master has identified nothing novel within the Supplementation. Rather, the Supplementation appears to reflect a manufactured pretext, rearguing some of the redundant and convoluted filings that the Defendant has overloaded the docket in this Case with since he was sentenced. The Supplementation also repeats various narratives recently conjured by Defendant by mischaracterizing the record in this Case and disregarding material facts and circumstances. The Special Master believes the record in this Case speaks for itself and relies on the Special

[1] Such supplementation (collectively, the "Supplementation") includes: (A) an update (Doc. No. 358) to (I) a motion to (a) compel the Special Master to produce various documents and information and (b) set aside the Special Master's restitution report (Doc. No. 332) and (II) a motion to reconsider an order confirming the constitutionality of the Court's appointment of the Special Master and to otherwise remove the Special Master (Doc. No. 347); (B) an update (Doc. No. 359) to the Defendant's objection(s) (Doc. No. 281) to the Special Master's restitution report and supplements thereto (collectively, the "Restitution Report") and to otherwise remove the Special Master; and (C) an update (Doc. No. 360) to a motion to stay the disposition of one of the primary restitution assets (Doc. No. 320) and to otherwise remove the Special Master.

Master's and government's prior corrections to Defendant's mischaracterizations and omissions, rather than repeating those here.[2]

On the motion to compel production of documents, the Court previously denied that relief when it was cast as a request to subpoena the Special Master.[3] After the Court did not immediately rule on Defendant's motion to reconsider the order denying the first subpoena motion,[4] Defendant reframed his request for the very same relief as a motion to compel. The Special Master's position in response to Defendant's recent discovery demands has been consistent: although the voluminous document discovery Defendant now seeks late in the process is not relevant to the open restitution issues in this Case and is otherwise generally unjustified, the Special Master would voluntarily provide to Defendant some of what Defendant is requesting (*i.e.*, certain materials relevant to the valuation and forthcoming liquidation of the Primary Restitution Assets) if he would first agree to an adequate confidentiality agreement and protective order. But Defendant refuses to engage with the Special Master in negotiating a satisfactory confidentiality agreement and protective order.

The purported Supplementation to the motion to compel[5] includes Defendant's summarization of the Special Master's time records. Those records have been on the docket in this Case since before the motion to compel was filed, appearing as exhibits to the Special Master's fee applications. Such Supplementation does not present a new issue and is only tangentially relevant to the relief requested in the motion to compel.

---

2 *See, e.g.*, Doc. Nos. 343, 266, 268, 268-1, 288, 308, 323, 334, and 344.

3 *Cf.* Doc. No. 248 (subpoena motion) and 304 (order denying subpoena motion).

4 *Cf.* Doc. No. 309 (motion to reconsider order denying subpoena request).

5 *See* Doc. No. 358, at 1–2. Similarly, Defendant's request, in the Supplementation to the motion to compel, that the Special Master admit or deny whether 1,441 flagged time entries involved communications on which Defendant's counsel was not copied is irrelevant and otherwise unnecessary. The referenced time entries speak for themselves on whether defense counsel was copied or not, and the Special Master has freely admitted that the Special Master regularly communicates with constituencies to this Case without copying all other constituencies to this Case.

Next, Defendant's allegedly new information pertaining to his objections to the Restitution Report includes his contentions: that "Beckett" was sold for too little (a repeated complaint); that "Damovo" might be liquidated for too little (a repeated alarm); and that the Special Master has been communicating with various parties without including Defendant or Defendant's counsel (a repeated grievance).[6] Nothing in the Supplementation alters the analysis of the recommendations appearing in the Restitution Report. The Special Master's communications are irrelevant to those recommendations (except as some evidence of the Special Master's diligence). The Beckett and Damovo allegations are, at most, manifestations of arguments Defendant has already made *ad nauseam*: Defendant seeks offsets against his restitution obligations for the difference between stale valuation estimations and what the Primary Restitution Assets ultimately yield for victims. The Special Master disagrees, recommending that Defendant receive credits based on what the victims actually receive from the restitution assets. The Court will resolve this dispute by entering a final restitution order premised on one method or the other. This is not new territory.

The Supplementation to Defendant's motion to enjoin the conduct of various strangers to this Case concerning the Damovo transaction similarly rehashes Defendant's arguments. Although Defendant's Supplementation might provide more detail than what appeared in the original motion about Damovo or its lenders' forthcoming exercise of their rights against their collateral,[7] there appears to be no new information that would strengthen Defendant's arguments. The main emphasis of this Supplementation appears to be on the Special Master's time records and communications with third parties.[8] Even assuming that Defendant's analysis of the Special Master's time records accurately attribute the applicable time entries to Damovo, consideration of

6 *See* Doc. No. 359, at 3–6.
7 *Cf.* Doc No. 360, at 4–5.
8 *Cf.* Doc. No. 360, at 5–9.

those time records provides no support for Defendant's request for injunctions against third parties. At most, the analysis of the time records demonstrates what the Special Master knew and when with respect to the lenders' exercise of their rights against Damovo. That information is wholly irrelevant to whether this Court will grant Defendant's request to enjoin those lenders and others from exercising their rights in, against, and to Damovo.

The Supplementation changes nothing. It is, at best, a regurgitation of prior arguments, complaints, and grievances.

WHEREFORE, the Special Master prays that the Court deny any and all relief requested by the Defendant since his sentencing hearing and grant such further relief as is just and proper.

Respectfully submitted this 13th day of October, 2026.


*/s/ Michael L. Martinez*
Joseph W. Grier, III (State Bar No. 7764)
Michael L. Martinez (State Bar No. 39885)
Benjamin D. Rhodes (State Bar No. 62618)
Grier Wright Martinez, PA
521 East Morehead Street, Suite 440
Charlotte, North Carolina 28202
Telephone: 704.332.0209; Fax: 704.332.0215
Email: mmartinez@grierlaw.com

*Attorneys for Joseph W. Grier, III, Special Master*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing *Special Master's Response to Defendant's Supplementation to Various Motions and Other Requests for Relief* were served on those parties who have requested electronic service in this case through the CM/ECF system.

Respectfully submitted this 13th day of October, 2026.


*/s/ Michael L. Martinez*
Michael L. Martinez (State Bar No. 39885)
Grier Wright Martinez, PA
521 East Morehead Street, Suite 440
Charlotte, North Carolina 28202