# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03939-GPG

GREG E. LINDBERG,

Plaintiff,

v.

HUGH STEVEN WILSON;
CHRIS NICKERSON;
UK ATLANTA HOLDINGS LLC;
DAMOVO GLOBAL SERVICES (UK) LIMITED;
DAMOVO DEUTSCHLAND GMBH & CO. KG;
DAMOVO IRELAND LIMITED;
DAMOVO SCHWEIZ AG;
DAMOVO LUXEMBOURG S.à R.L.;
DAMOVO COSTA RICA SRL; and
JOHN DOE BUYER COMPANY,

Defendants.

---

**ORDER**

---

Before the Court are Plaintiff's Motion for Judicial Notice of Verified Complaint Filed in the United States District Court for the Southern District of New York (Fed. R. Evid. 201) (D. 10) and Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction Enjoining any Sale or Transfer of Damovo or its Assets, and Request for Immediate Remote Hearing (D. 11). [1]

[1] The Court must construe the Plaintiff's filings liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

This case is an attempted collateral attack on proceedings related to the prosecution and conviction of Plaintiff Greg E. Lindberg in the Western District of North Carolina. *See U.S. v. Lindberg*, No. 5:19-cr-22, D. 245 at 2–3 (W.D.N.C.). Plaintiff pled guilty to conspiracy to commit crimes in connection with the insurance business, wire fraud, and investment advisor and money laundering conspiracy. He agreed to and was ordered to pay substantial restitution and a special master was appointed, with Plaintiff's consent, to oversee restitution. Plaintiff later began filing increasingly specious challenges to the special master's actions (*see id*. D. 330 (Aug. 31, 2026)). *See* Fed. R. Evid. 201(c)(1) (allowing a court to "take judicial notice on its own"); *see Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (allowing judicial notice of the contents of documents, not the facts stated therein (citing *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002))). Plaintiff has filed a collateral attack action similar to this case in the Southern District of New York, *Lindberg v. Causey*, No. 1:26-cv-07938 (S.D.N.Y. filed Sept. 11, 2026).

In his first motion, "Plaintiff asks the Court to take judicial notice that the SDNY Action was filed and is pending, and of the parties, claims, relief, and allegations set out in the SDNY Complaint [and] does not ask the Court to take judicial notice of the truth of any contested allegation in that pleading, which is for the Southern District of New York to determine" (D. 10 at 6). The Court grants this motion to the extent that it takes judicial notice of the existence of the filing only. *See* Fed. R. Evid. 201(c)(2); *see Tal*, 453 F.3d at 1265 n.24.

The Court denies Plaintiff's requests for preliminary injunctive relief. Preliminary injunctions and temporary restraining orders are ultimately discretionary relief. Fed. R. Civ. P.

65(a), (b)(1). The Court declines as a matter of discretion to intervene in proceedings related to restitution for the criminal proceedings against Plaintiff, which are being capably overseen by a sister court. *See U.S. v. Lindberg*, No. 5:19-cr-22, D. 330 (W.D.N.C. Aug. 31, 2026).

Even if the Court were to consider Plaintiff's request on the merits, it would deny them. The circumstances supporting an *ex parte* Temporary Restraining Order (TRO) are extremely limited—under Federal Rule of Civil Procedure 65(b)(1)(A), an *ex parte* TRO may issue only if the movant "*clearly shows* that immediate and irreparable injury will result to the movant *before the adverse party can be heard in opposition*." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). This limitation acknowledges "the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). The Court has reviewed Plaintiff's briefing (including its irreparable harm arguments) and concludes that the circumstances of this case do not pose a threat of irreparable harm so imminent that Defendants cannot be heard.

Further, Plaintiff admits he is "without means to post a substantial bond" as would be required to secure a TRO or preliminary injunction of the multi-million-dollar transaction that he seeks to prevent (D. 11-1 at 5). Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.").

Accordingly, Plaintiff's Motion for Judicial Notice of Verified Complaint Filed in the United States District Court for the Southern District of New York (Fed. R. Evid. 201) (D. 10) is

GRANTED and Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction Enjoining any Sale or Transfer of Damovo or its Assets, and Request for Immediate Remote Hearing (D. 11) is DENIED WITH PREJUDICE.

DATED September 21, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge