# EXHIBIT I

Fifteenth Public Report of the Insolvency Practitioners (*Vijftiende openbare verslag van curatoren ex art. 73a Faillissementswet*) in the insolvency of Nederlandsche Algemeene Maatschappij van Levensverzekering Conservatrix N.V., dated July 31, 2026 (11 pp., Dutch), as posted on Conservatrix's public website, www.conservatrix.nl/openbare-verslagen/, and retrieved October 14, 2026. An English rendering of paragraphs 7.8 through 7.10 (pp. 7–8), prepared by counsel, precedes the report.

## Paragraphs 7.8–7.10 (pp. 7–8) — English rendering prepared by counsel

**7.8** Mr. Lindberg has also been prosecuted and has been accused by the American authorities of bribery and fraud in connection with his insurance companies. In one criminal case Mr. Lindberg was found guilty by the jury; in a second criminal case he pleaded guilty. On May 26, 2026 he was sentenced for these offenses to 144 months' imprisonment, followed by a period of 3 years of "supervised release." In the second criminal case Mr. Lindberg must compensate the victims of his crimes (i.e., the insurance companies and their policyholders) by paying them damages.

**7.9** On January 23, 2025, the District Court for the Western District of North Carolina appointed in that context a so-called "Special Master," who is to assist it in resolving any problems in connection with this restitution to the victims. The "Special Master" recommended that the District Court determine that, under the federal restitution statute, Conservatrix and its policyholders were not victims of the offenses to which Mr. Lindberg pleaded guilty. In a preliminary order the District Court adopted that recommendation by not designating Conservatrix as a victim. It was further determined that Mr. Lindberg must pay $1,655,000,000 to various other victims. Conservatrix challenged the decision not to designate it as a victim. The Fourth Circuit Court of Appeals, however, refused to intervene in the District Court's preliminary order. A final order, which is not expected to include victims beyond those identified in the preliminary order, has not yet been issued. Mr. Lindberg has challenged both his sentence and the preliminary restitution order. There is as yet no indication of the timelines for the resolution of those appeals.

**7.10** The insolvency practitioners consult continuously with their American attorneys, who monitor these proceedings carefully. To ensure that the interests of Conservatrix's policyholders are also safeguarded in these proceedings, the American attorneys have close contact with both the "receiver" and the "Special Master."

Original Dutch text follows (report pp. 1–11). The rendering above is not a certified translation.

WYN STAEL ADVOCATEN

# VIJFTIENDE OPENBARE VERSLAG IN HET FAILLISSEMENT VAN NEDERLANDSCHE ALGEMEENE MAATSCHAPPIJ VAN LEVENSVERZEKERING CONSERVATRIX NV

**Inhoudsopgave**


| | | |
|---|---|---|
| 1. | Inleiding | p. 1 |
| 2. | Portefeuille-overdracht | p. 1 |
| 3. | Toestand van de boedel | p. 2 |
| 4. | Verificatievergadering | p. 4 |
| 5. | Crediteurencommissie | p. 5 |
| 6. | Communicatie met polishouders | p. 5 |
| 7. | Lopende procedures | p. 6 |
| 8. | Politieke aandacht voor Conservatrix | p. 10 |
| 9. | Onderzoek oorzaken faillissement | p. 11 |
| 10. | Opvolgend curator en volgend openbaar verslag | p. 11 |


## 1 Inleiding

1.1 Dit is het vijftiende openbare verslag van curatoren ex art. 73a Faillissementswet. Het eerste verslag werd uitgebracht op 18 december 2020, het tweede verslag op 19 maart 2021, het derde verslag op 23 juni 2021, het vierde verslag op 20 september 2021, het vijfde verslag op 23 december 2021, het zesde verslag op 5 april 2022, het zevende verslag op 22 juli 2022, het achtste verslag op 30 december 2022, het negende verslag op 6 juni 2023, het tiende verslag op 24 november 2023, het elfde verslag op 30 maart 2024, het twaalfde verslag op 30 juli 2024, het dertiende openbare verslag op 31 januari 2025 en het veertiende openbare verslag op 31 juli 2025.[1]

Aan dit verslag kunnen geen rechten worden ontleend.

## 2 Portefeuille-overdracht

2.1 Voor een uitgebreidere toelichting over de portefeuille-overdracht verwijzen curatoren naar het negende openbare faillissementsverslag. Als gevolg van de gemaakte afspraken met Waard Leven N.V. komt een gedeelte van de uitbetalingen en nabetalingen voor rekening van de boedel. In totaal gaat het om een geschat bedrag van afgerond € 16.614.000,=. Tot op heden hebben curatoren hiervan een bedrag van afgerond € 16.350.000,= kunnen uitkeren. In de afgelopen

[1] Deze verslagen zijn gepubliceerd op www.conservatrix.nl

verslagperiode is een bedrag van afgerond € 272.000,= uitgekeerd, zodat er nog een bedrag van € 263.000,= resteert dat aan de polishouders die daar recht op hebben, kan worden uitgekeerd. De uitkering van dit bedrag kan echter nog steeds niet plaatsvinden, omdat curatoren niet beschikken over alle daartoe door de polishouder of begunstigde aan te leveren stukken/informatie. Curatoren blijven zich inspannen om ervoor te zorgen dat het resterende bedrag van € 263.000,= alsnog aan de polishouders kan worden uitgekeerd.

2.2 Ter voorkoming van misverstanden merken curatoren op dat voornoemde bedragen betrekking hebben op uitkeringen ten aanzien van verzekerde voorvallen die zich vóór de overdracht van de verzekeringsportefeuille aan Waard Leven N.V. hebben voorgedaan, maar waarvan het nog niet gelukt is de polishouder en/of de begunstigde te traceren. De uitkeringen hebben geen betrekking op de tijdens de verificatievergadering vastgestelde vorderingen.

2.3 In afgelopen verslagperiode hebben curatoren wederom getracht de ontbrekende informatie te verkrijgen, zodat de polishouders de bedragen ontvangen waar zij recht op hebben. Curatoren zullen deze werkzaamheden in de komende periode voortzetten om alsnog de benodigde informatie te verkrijgen.

## 3 Toestand van de boedel

3.1 De toestand van de boedel per 31 juli 2026 is als volgt weer te geven:

Activa

| | | | |
|---|---|---|---|
| Liquide saldi per 30 juli 2025 | € | 4.310.724,= | (1) |
| Commerciële hypothecaire leningen (afgerond) | € | 1.254.124,= | (2) |
| Onderhandse lening | € | 5.000,= | (3) |
| Vordering op Lindberg | | p.m. | (4) |

Passiva (in rang gecategoriseerd van hoog naar laag)

| | | |
|---|---|---|
| Nog te betalen boedelkosten | p.m. | (5) |
| Nog te betalen vennootschapsbelasting over 2021 | p.m. | (6) |

| | | | |
|---|---|---|---|
| Nog te verrichten 90%-uitbetalingen (schatting) | € | 263.000,= | (7) |
| Verzekeringsvorderingen (art. 213m lid 3 sub d Fw) | € | 59.065.819,=[2] | (8) |
| Schadevorderingen (art. 213m lid 3 sub f Fw) | € | 40.490.552,= | (9) |
| Premiedepotvorderingen | € | 13.275,= | |
| Belastingdienst: | € | 285.476,= | |
| Concurrent erkend: | € | 231.815,= | |

<u>Toelichting</u>

(1) Dit betreft het totaal van de saldi op de faillissementsrekening bij ABN AMRO en de (oorspronkelijke) betaalrekening van Conservatrix bij de Rabobank. In de afgelopen verslagperiode hebben curatoren ruim € 272.000,= aan nog niet uitbetaalde uitkeringen aan de polishouders voldaan (zie ook hiervoor paragraaf 2.1). Daarnaast hebben curatoren in de afgelopen verslagperiode een bedrag van afgerond € 550.000,= ontvangen als aflossing van verschillende commerciële hypotheken. Tevens zijn de lopende verplichtingen voor het in stand houden van de benodigde systemen (ICT, Finance, polisadministratie) voldaan. De verschillende mutaties hebben invloed op de hoogte van de liquide saldi.

(2) De commerciële hypothecaire leningen zijn niet overgenomen door Waard Leven N.V. De dekkingsgraad van de leningen (qua onderpand) is goed. De boedel ontvangt maandelijks afgerond € 8.300,= aan rente en aflossingen. In de afgelopen verslagperiode is in verband met verschillende aflossingen van commerciële hypotheken een bedrag van afgerond € 550.000,= ontvangen.

(3) Op deze lening wordt jaarlijks € 5.000,= afgelost. De rente bedraagt 3%. Curatoren verwachten dat de lening in komende verslagperiode volledig zal worden afgelost.

(4) De vordering op Lindberg bedraagt nominaal € 150 miljoen en vloeit voort uit een in het eerste kwartaal van 2020 ten gunste van Conservatrix gewezen arbitraal kort geding uitspraak. Voor de stand van zaken in de procedures

[2] Op de verificatievergadering is een bedrag van € 99.012.026,= geverifieerd. Dit bedrag is hoger omdat voor de polishouders die gedurende het faillissement een tussentijdse uitkering hebben ontvangen, niet de restantvordering van 10% is geverifieerd, maar de volledige vordering van 100%. Aan tussentijdse uitkeringen is tot op heden afgerond € 40.000.000,= uitgekeerd. Bij een eventuele toekomstige uitkering zal rekening worden gehouden met deze reeds gedane uitkeringen, zodat het voor de polishouders de facto geen verschil maakt dat een hoger bedrag is geverifieerd. Voor de leesbaarheid en het inzicht in een eventuele toekomstige uitkering hanteren curatoren in het openbare verslag het bedrag dat voor alle polishouders is gebaseerd op de restantvordering van 10%.

tegen Lindberg verwijzen curatoren naar paragraaf 7 van dit verslag.

(5) Dit zijn de lopende kosten die voortvloeien uit de werkzaamheden ten behoeve van de afwikkeling van het faillissement. Daarbij kan onder meer gedacht worden aan de kosten van curatoren en door hen in te schakelen adviseurs (onder wie advocaten in de VS en actuarieel geschoolde adviseurs) en aan de kosten om de IT-systemen, die nodig zijn voor een goede afwikkeling, draaiende te houden. In afgelopen verslagperiode hebben curatoren alle data en IT-systemen naar een nieuwe dienstverlener overgezet. Met de overgang naar de nieuwe dienstverlener wordt een maandelijkse besparing van afgerond € 20.000,- gerealiseerd.

(6) Over het jaar 2021 heeft de boedel een substantiële fiscale winst gerealiseerd. Daarover is vennootschapsbelasting verschuldigd. Over 2022 is een negatief fiscaal resultaat gerealiseerd. Eind 2024 hebben curatoren de aangifte vennootschapsbelasting over 2022 bij de Belastingdienst ingediend. De Belastingdienst heeft de aangifte vennootschapsbelasting 2022 – conform de aangifte van Conservatrix – in januari 2026 definitief vastgesteld. In overleg met de Belastingdienst heeft Conservatrix in afgelopen verslagperiode voor de vennootschapsbelasting over de jaren 2023 en 2024 een nihilaangifte kunnen indienen.

(7) Dit betreft de in paragraaf 2.1 bedoelde uitbetalingen, die pas kunnen plaatsvinden indien en zodra curatoren toereikende informatie ontvangen hebben van de betreffende polishouders c.q. begunstigden.

(8) Dit betreft het nog niet uitbetaalde deel van de vorderingen van de polishouders als gevolg van de generiek doorgevoerde korting van 10%.

(9) Dit betreft de aanspraken van polishouders als gevolg van het vervallen van winstdelingsregelingen en rendementsgaranties op toekomstige premiebetalingen.

## 4 Verificatievergadering

4.1 Het verificatieproces ten aanzien van de vorderingen van crediteuren (daaronder ook verstaan de verzekeringsvorderingen en de schadevorderingen van de polishouders) is afgerond. Voor een nadere toelichting op het verificatieproces

wordt verwezen naar de eerdere openbare verslagen (te raadplegen via de website www.conservatrix.nl).

## 5 Crediteurencommissie

5.1 Bij beschikking van 3 maart 2021 heeft de rechtbank Amsterdam op verzoek van enkele polishouders op de voet van artikel 74 Faillissementswet een voorlopige commissie van schuldeisers ingesteld, bestaande uit drie personen. De rechter-commissaris heeft een reglement voor deze commissie vastgesteld. Tijdens de verificatievergadering op 8 maart 2024 hebben curatoren aangegeven dat zij het wenselijk achten dat een definitieve crediteurencommissie wordt ingesteld.

5.2 Als gevolg van de afronding van de overdracht van de verzekeringsportefeuille van Conservatrix aan Waard Leven N.V., zijn de werkzaamheden van de crediteurencommissie aanzienlijk afgenomen. In overleg met de rechter-commissaris en het overgebleven lid van de crediteurencommissie hebben curatoren beoordeeld of het wenselijk is dat de crediteurencommissie gehandhaafd blijft. Dat is niet het geval. Curatoren zijn de leden van de crediteurencommissie erkentelijk voor hun adviezen en danken hen hierdoor voor de tijd en energie die zij als lid van de crediteurencommissie hebben besteed aan het faillissement.

## 6 Communicatie met polishouders

6.1 Alle schuldeisers (zowel de polishouders als de reguliere faillissementsschuldeisers) zijn voorafgaand aan de verificatievergaderingen geïnformeerd dat toekomstige communicatie vanuit curatoren niet meer per post, maar via de website van Conservatrix (www.conservatrix.nl) en per e-mail zal plaatsvinden.

6.2 Om ook in de toekomst door curatoren geïnformeerd te kunnen worden, is het van belang dat curatoren beschikken over de juiste contactgegevens van alle schuldeisers. Indien contactgegevens van schuldeisers wijzigen, kunnen zij de juiste contactgegevens via de website (www.conservatrix.nl/contactformulier) doorgeven.

## 7 Lopende procedures

7.1 Conservatrix is sinds begin 2020 partij bij een tweetal procedures tegen de heer Lindberg en aan hem gelieerde vennootschappen ("**Lindberg c.s.**"). Daarnaast is de heer Lindberg verwikkeld in een groot aantal (civiel- en strafrechtelijke) procedures in de Verenigde Staten. Ook deze procedures beïnvloeden (mogelijk) de positie van Conservatrix en worden hierna op hoofdlijnen toegelicht.

<u>Procedures waarbij Conservatrix en/of curatoren partij zijn</u>

7.2 Zoals gezegd is Conservatrix partij bij twee procedures tegen Lindberg c.s. De eerste procedure liep bij het Gerechtshof Den Haag en is door Lindberg c.s. jegens Conservatrix aanhangig gemaakt. Lindberg c.s. vorderen in die procedure vernietiging van een op 31 januari 2020 gewezen arbitraal kort geding vonnis. Voor de achtergronden van deze procedure verwijzen curatoren naar hun tweede openbare verslag onder 8.2 en 8.3. Op 29 maart 2022 heeft het gerechtshof een arrest gewezen dat als bijlage aan het zesde openbare verslag gehecht is. Curatoren zijn door het gerechtshof volledig in het gelijk gesteld. Dit betekent dat het genoemde arbitraal kort geding vonnis in stand blijft en dat Lindberg c.s. de dwangsom van € 150 miljoen nog steeds verschuldigd zijn. Lindberg c.s. hebben cassatie tegen dit arrest ingesteld. Op 26 mei 2023 concludeerde de Advocaat-Generaal tot verwerping van het cassatieberoep van Lindberg c.s. Op 1 september 2024 heeft de Hoge Raad het cassatieberoep van Lindberg c.s. verworpen. Daarmee is de arbitrale kort geding uitspraak definitief en zijn Lindberg c.s. een dwangsom van € 150 miljoen aan Conservatrix verschuldigd.

7.3 Op 19 oktober 2023 hebben curatoren bij de District Court for the Middle District of North Carolina (VS) een zogenoemde *petition to confirm* ingediend. De inzet van deze procedure is de erkenning in de Verenigde Staten van het arbitrale kort geding vonnis. Lindberg c.s. zijn verschenen in de erkenningsprocedure en hebben verweer gevoerd tegen het verzoek tot erkenning. Op 14 augustus 2024 heeft deze rechtbank einduitspraak gedaan in deze zaak. Het verzoek van de curatoren is (volledig) toegewezen. The District Court for the Middle District of North Carolina heeft het arbitrale kort geding vonnis erkend en daarnaast verduidelijkt dat Lindberg c.s. als gevolg van dat vonnis een bedrag van ruim $ 166 miljoen (het equivalent van € 150 miljoen inclusief rente) aan curatoren verschuldigd zijn. Op 12 september 2024 hebben Lindberg c.s. hoger beroep ingesteld tegen deze uitspraak bij The Fourth Circuit Court of Appeals. Op 14 juli 2026 heeft het Fourth Circuit Court of

Appeals het vonnis in eerste aanleg op één grond vernietigd en de zaak voor de verdere behandeling op een tweede grond terugverwezen naar de lagere rechter. In die terugverwijzingsprocedure zullen curatoren verzoeken om de vordering alsnog op de tweede grond toe te wijzen. Van belang is en blijft ook in het kader van deze procedure dat het de vraag is of er überhaupt verhaal mogelijk is op het vermogen van Lindberg c.s. in het geval van toewijzing van de vordering van curatoren.

7.4 Naast bovengenoemde procedure loopt er sinds begin 2020 een zogenoemde arbitrale bodemprocedure tegen Lindberg c.s. waarin door Conservatrix een schadevergoeding wordt gevorderd van Lindberg c.s. Deze procedure was geruime tijd aangehouden, maar is in juli 2024 hervat op initiatief van Lindberg c.s. In deze procedure zullen Lindberg c.s. zonder advocaat procederen, aangezien de voormalige advocaten van Lindberg c.s. niet langer voor hen optreden en zich dus hebben onttrokken. In de afgelopen verslagperiode hebben curatoren en Lindberg c.s. over en weer documenten opgevraagd die, indien de arbiters daartoe opdracht gaven, ter beschikking zijn gesteld. Vervolgens is de mondelinge behandeling gepland op 29 en 30 september 2026. Vanwege het feit dat Lindberg thans een gevangenisstraf uitzit, zal de zitting digitaal plaatsvinden.

7.5 Tot slot heeft Lindberg bij de Florida Court in de VS een procedure aanhangig gemaakt met als doel curatoren aansprakelijk te stellen voor een bedrag van € 348 miljoen (€ 88 miljoen voor kapitaalinjecties die hij heeft gedaan in het kader van de overname van Conservatrix in 2017, € 250 miljoen (schatting) in verband met schade die hij zou hebben geleden als gevolg van de verkoop van de portefeuille en € 10 miljoen aan honoraria en kosten die hij heeft gemaakt voor zijn verweer tegen de arbitragevorderingen van de curatoren). Curatoren hebben ten aanzien van deze procedure rechtsbijstand gezocht bij Amerikaanse advocaten.

<u>Overige procedures Lindberg c.s.</u>

7.6 De heer Lindberg is eigenaar van het Amerikaanse financiële conglomeraat Eli Global en (daarmee) van verschillende (verzekerings)bedrijven. De hiervoor besproken procedures tussen Lindberg c.s. en Conservatrix zijn twee van de vele procedures waarbij de heer Lindberg en zijn verzekeringsbedrijven betrokken zijn. De bij curatoren bekende procedures van Lindberg c.s. spelen zich alle af in de Verenigde Staten. Curatoren volgen deze procedures nauwgezet en worden daarin bijgestaan door een team van Amerikaanse advocaten.


Case 3:23-cr-00048-MOC-DCK Document 368-7 Filed 10/15/26 Page 9 of 13

7.7 Lindberg c.s. zijn ten eerste verwikkeld in een aantal civielrechtelijke procedures. De heer Lindberg en zijn bedrijven hebben te maken met oplopende schulden. Als gevolg van deze schulden zijn de heer Lindberg en zijn bedrijven op 22 april 2024 onder curatele gesteld ("*placed into receivership*") door de General Court of Justice of North Carolina. Daarnaast is de heer Lindberg op 25 augustus 2024 op verzoek van een schuldeiser (een andere verzekeraar) met een vordering van $ 524 miljoen persoonlijk onder curatele gesteld. De rechter heeft de heer Lindberg (onder andere) bevolen om onmiddellijk afstand te doen van al zijn activa en eigendommen en deze over te dragen aan de "*receiver*". De "*receiver*" heeft (onder meer) als taak om te voorkomen dat de heer Lindberg zijn activa en eigendommen verbergt van of achterhoudt voor zijn schuldeisers.

7.8 De heer Lindberg is eveneens strafrechtelijk aangesproken en door de Amerikaanse autoriteiten beschuldigd van omkoping en fraude in verband met zijn verzekeringsmaatschappijen. In één strafzaak is de heer Lindberg schuldig bevonden door de jury, in een tweede strafzaak heeft hij schuld bekend. Op 26 mei 2026 is hij vanwege deze strafbare feiten veroordeeld tot 144 maanden cel, gevolgd door een periode van 3 jaar "*supervised release*". In de tweede strafzaak dient de heer Lindberg de slachtoffers van zijn misdaden (d.w.z. de verzekeringsmaatschappijen en hun polishouders) te compenseren door hen een schadevergoeding te betalen.

7.9 Op 23 januari 2025 heeft de District Court van het Western District of North Carolina in dat kader een zogenaamde "*Special Master*" aangesteld, die haar moet helpen bij het oplossen van eventuele problemen in verband met deze restitutie aan de slachtoffers. De "*Special Master*" heeft aanbevolen dat de District Court zou vaststellen dat, op grond van de federale wet inzake restitutie, Conservatrix en haar polishouders geen slachtoffers waren van de misdrijven die de heer Lindberg heeft bekend. In een voorlopige beschikking heeft de District Court deze aanbeveling overgenomen door Conservatrix niet aan te merken als slachtoffer. Voorts is bepaald dat de heer Lindberg aan diverse andere slachtoffers $ 1.655.000.000,- dient te betalen. Conservatrix heeft de beslissing om haar niet als slachtoffer aan te merken aangevochten. De Fourth Circuit Court of Appeals heeft echter geweigerd zich te mengen in de voorlopige beschikking van de District Court. Een definitieve beschikking, waarvan niet wordt verwacht dat deze ook slachtoffers buiten de in de voorlopige beschikking geïdentificeerde slachtoffers zal omvatten, is nog niet afgegeven. De heer Lindberg heeft zowel zijn strafoplegging als de voorlopige

restitutiebeschikking aangevochten. Er is nog geen zicht op de tijdlijnen voor de beslechting van die hoger beroepen.

7.10 Curatoren voeren doorlopend overleg met hun Amerikaanse advocaten, die deze procedures zorgvuldig monitoren. Om ervoor te zorgen dat de belangen van de polishouders van Conservatrix ook in deze procedures gewaarborgd worden in deze procedures, hebben de Amerikaanse advocaten nauw contact met zowel de "*receiver"* als de "*Special Master"*.

Procedure Conservatrix Group tegen de Staat

7.11 Conservatrix Groep heeft in 2017 bij de Ondernemingskamer van het Gerechtshof Amsterdam een verzoekschrift ingediend op de voet van artikel 3:159ab (oud) Wft tot vaststelling van een aanvullende schadeloosstelling in verband met de gedwongen overdracht van de aandelen Conservatrix. De verwerende partij in deze procedure is de Staat der Nederlanden.

7.12 De Ondernemingskamer heeft in 2024 een deskundigenbericht gelast ter beantwoording van de vraag naar de waarde van de aandelen in Conservatrix. Bij verzoekschrift van 20 mei 2025 heeft Conservatrix Groep de Ondernemingskamer – kort gezegd – verzocht de beschikkingen van 24 augustus 2021 en 20 december 2024 op voet van artikel 387 Rv te herroepen en het deskundigenonderzoek aan te houden. Bij beschikking van 31 juli 2025 heeft de Ondernemingskamer het herroepingsverzoek afgewezen.[3] Conservatrix Groep heeft de Ondernemingskamer in september 2025 bericht het voorschot voor de deskundige niet te zullen betalen. De Ondernemingskamer heeft Conservatrix Groep en de Staat der Nederlanden in september 2025 geïnformeerd dat zij over het verdere verloop van de procedure bij beschikking zal beslissen. Deze beschikking is tot op heden aangehouden. Curatoren zijn geen partij in deze procedure.

Procedure Conservatrix Group tegen DNB

7.13 Op 20 mei 2025 heeft Conservatrix Group S.à.R.L (de voormalig aandeelhouder van Conservatrix) de rechtbank verzocht haar beschikking van 15 mei 2017 te herroepen. In die beschikking heeft de rechtbank op de voet van artikel 3:159 lid 1 (oud) van de Wet op het financieel toezicht (Wft) een overdrachtsplan van DNB goedgekeurd, dat ertoe strekte dat alle aandelen van Conservatrix Group in

[3] Hof Amsterdam (OK) 31 juli 2025, ECLI:NL:GHAMS:2025:2200.

Conservatrix tegen betaling van € 1 overgingen naar Trier Holding B.V. Bovendien heeft Conservatrix Group inzage in diverse stukken gevraagd. Curatoren zijn geen partij in deze procedure.

7.14 In haar beschikking van 5 februari 2026 heeft de rechtbank Amsterdam het herroepingsverzoek niet-ontvankelijk verklaard omdat de overdrachtsbeschikking zich naar haar aard verzet tegen herroeping: de aandelen in Conservatrix zijn overgedragen en Conservatrix verkeert inmiddels bovendien in staat van faillissement.[4]

7.15 De rechtbank heeft daarnaast (kort gezegd) geoordeeld dat in de procedure die tot de overdracht leidde sprake was van "bedrog in het geding gepleegd" als bedoeld in art. 382 onder a Rv, omdat het feit dat er een herverzekeringsovereenkomst gesloten zou worden, door DNB in 2017 buiten de procedure is gehouden.[5] DNB heeft op 19 februari 2026 cassatieberoep ingesteld tegen de uitspraak van de rechtbank Amsterdam op dit punt.

7.16 Tot slot heeft de rechtbank DNB veroordeeld om binnen 30 dagen na het wijzen van de beschikking diverse stukken aan Conservatrix Group te verstrekken, met het oog op de schadeloosstellingsprocedure die bij de Ondernemingskamer loopt, dan wel een mogelijke aansprakelijkheidsclaim tegen DNB en de Staat.[6] De beschikking waarbij het bevel is gegeven, is uitvoerbaar bij voorraad verklaard.

7.17 DNB heeft hoger beroep ingesteld tegen de beschikking. Zij heeft een incident opgeworpen waarin zij het hof verzocht om de uitvoerbaarheid bij voorraad van de bestreden beschikking te schorsen. Het hof heeft dat verzoek toegewezen. De hoofdzaak – waarin de vraag centraal staat of DNB de gevorderde stukken moet verstrekken – is op dit moment nog aanhangig.

## 8 Politieke aandacht voor Conservatrix

8.1 Conservatrix staat sinds haar faillietverklaring in de belangstelling van de politiek. Verwezen zij in dit verband naar hoofdstuk 10 van het zesde openbare verslag.

[4] Rb. Amsterdam 5 februari 2026, ECLI:NL:RBAMS:2026:1107, ro. 5.29.
[5] Rb. Amsterdam 5 februari 2026, ECLI:NL:RBAMS:2026:1107, ro. 1.5 en 5.28.
[6] Rb. Amsterdam 5 februari 2026, ECLI:NL:RBAMS:2026:1107, ro. 5.34 en 6.2.

WYN STAEL ADVOCATEN

## 9 Onderzoek oorzaken faillissement

9.1 Curatoren zijn wettelijk verplicht om een onderzoek te doen naar de oorzaken van het faillissement van Conservatrix. Curatoren hebben in afgelopen verslagperiode het onderzoek voortgezet en de resultaten van hun onderzoek worden vastgelegd in een concept-rapport (het ‘**Concept-Rapport’**). Curatoren zijn voornemens het Concept-Rapport zo snel mogelijk voor hoor en wederhoor aan de betrokkenen te sturen. Na verwerking van de input van betrokkenen, zal het definitieve rapport (het **‘Rapport’**) worden opgeleverd.

9.2 In het vorige verslag werd vermeld dat curatoren in overleg met en na toestemming van de rechter-commissaris met DNB overlegd hebben over de eventuele toezichtvertrouwelijkheid van in de administratie aangetroffen informatie. Dat proces is inmiddels naar tevredenheid van curatoren afgerond.

9.3 Vanwege diverse ontwikkelingen in de afgelopen verslagperiode, is het integrale concept-rapport nog niet met betrokkenen gedeeld voor hoor en wederhoor. Eén van die ontwikkelingen betreft de in par. 7.3 besproken procedure tussen Conservatrix Groep en DNB. Deze procedure ziet onder meer op de toedracht van de overdracht per 15 mei 2017. Omdat het oorzakenonderzoek onder meer de feitelijke toedracht van de overdracht omvat, volgen curatoren deze procedure op de voet.

9.4 Nadat het onderzoek naar de oorzaken van het faillissement is afgerond, zal het integrale Concept-Rapport gelijktijdig met betrokkenen – waaronder DNB – voor hoor en wederhoor worden gedeeld. Na afloop van de reactietermijn en de beoordeling van het ontvangen commentaar, zal het Rapport worden opgemaakt en zullen de resultaten van het onderzoek gepubliceerd worden.

## 10 Volgend openbaar verslag

10.1 In overleg met de rechter-commissaris is de verslagtermijn vastgesteld op één jaar. Curatoren zullen hun volgende openbare verslag daarom eind juli 2027 uitbrengen.

Utrecht, 31 juli 2026

Noor Zetteler en Robert van Faassen,
Curatoren Conservatrix



Case 3:23-cr-00048-MOC-DCK Document 368-7 Filed 10/15/26 Page 13 of 13